323 So.2d 315 (1975)
BISCAYNE MANUFACTURING CORP., a Florida Corporation, Appellant,
v.
SANDAV CORP., a Florida Corporation, Appellee.
No. 75-53.
District Court of Appeal of Florida, Third District.
December 9, 1975.
*316 Koppen & Watkins, Miami, for appellant.
Milton E. Grusmark, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
Appellant, defendant below, brings this appeal from a final judgment of the trial court holding an option provision of a lease agreement to be null and void.
In December 1973, appellant as lessee entered into a lease agreement with appellee as lessor. The agreement contained a provision giving appellant the option to purchase part of the demised property from appellee. Upon appellant's attempt to exercise the option, it was repudiated by appellee.
Appellee then filed a complaint seeking, among other things, to have the option provision in the lease agreement declared invalid. On December 13, 1975, the trial court, non-jury, entered a final judgment in favor of appellee declaring that the option provision was null and void, but that the other provisions of the lease agreement were viable and in full force and effect. From the judgment, appellant brings this appeal.
Appellant's basic contention is that the record on appeal does not support the trial court's determination that the option provision was invalid. Appellee contends that there is substantial evidence in the record to support the judgment and, therefore, it should not be reversed.
Appellant, in its reply brief, agrees with appellee and states that a trial judge is the finder of fact when a case is heard without a jury and that his findings on appeal are clothed with the same presumption of correctness afforded a jury verdict. Also, appellant states it has the burden of demonstrating that the decision is clearly erroneous in order to obtain a reversal. We agree with both of these statements of principles of law. Marx v. Goldfinger, Fla.App. 1966, 187 So.2d 380; Paul's Drugs, Inc. v. Southern Bell Telephone & Telegraph Co., Fla.App. 1965, 175 So.2d 203; and Dade County v. Pepper, Fla. App. 1964, 168 So.2d 198.
However, after a consideration of the record, all points in the briefs and arguments of counsel in the light of these controlling principles of law, we have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.