KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a final decree dated October 7, 1976, denying its complaint for injunctive relief seeking to compel appellee, defendant below, to rezone certain property owned by appellant from single family district to general office district use. The primary thrust of appellant’s complaint was that the present zoning of the subject property is not fairly debatable and, therefore, is confiscatory. We have concluded that there was substantial competent evidence to support the final decree entered by the trial court; therefore, the final decree is affirmed.
Appellant is the owner of a piece of property with a legal description of Lot 1, Block 2, Orchard Subdivision No. 4, Plat Book 25, Page 30 of the Public Records of Dade County, Florida. The subject piece of property is a vacant lot, 158 feet by 70 feet, located on the corner of West 42nd Street and Pinetree Drive, City of Miami Beach, Florida, across the street from appellant. For several years, the property has been zoned RS-3 (single family district). In June of 1975, appellant made application to the City of Miami Beach, appellee herein, for a rezoning of the property from the RS-3 category to the C-2 (general office district) category, for the purpose of placing a parking lot on the property. The Miami Beach Planning Board, after a public hearing, recommended to the City Council a denial of the zoning request. Appellant appealed this recommendation to the City Council, appeared before the Council and was denied in its request for the zoning change.
After appellant was unsuccessful in its attempts to have the property rezoned through the administrative processes, it brought a complaint for injunctive relief in the Circuit Court of Dade County seeking to compel appellee to rezone the property as requested. Because appellee zones property *417 by ordinance rather than by resolution, this was the appropriate procedure. After a hearing, the trial court entered a final decree denying appellant’s complaint. From this final decree, appellant appeals.
Appellant raises the two following points on appeal: (1) whether there was substantial competent evidence supporting the trial court’s final decree that the present single family zoning on the subject property was fairly debatable, and thus not an illegal and constitutional confiscation of its property, and (2) whether the doctrine of res judicata is applicable in the instant case.
The crux of this appeal is the question of whether the trial court’s final decree, predicated upon the premise that the present zoning of appellant’s property is fairly debatable, is supported by competent substantial evidence. Because of the sophistication of the parties to this appeal, it is unnecessary for us to invoke the usual litany of authority by which appeals, such as this one, are determined. Suffice it to say that, after applying the appropriate rules of appellate review, we have concluded that the final decree entered by the trial court was supported by competent substantial evidence. See, e. g., Biscayne Manufacturing Corp. v. Sandav Corp., 323 So.2d 315 (Fla. 3d DCA 1975); Manufacturers National Bank v. Canmont Internat’l, Inc., 322 So.2d 565 (Fla. 3d DCA 1975); Fernandez v. Arocha, 308 So.2d 45 (Fla. 3d DCA 1975); and Old Equity Life Insurance Company v. Levenson, 177 So.2d 50 (Fla. 3d DCA 1965). Further, in the light of this determination, it is unnecessary for us to decide appellant’s second point on appeal, i. e., whether the case of Jefferson National Bank v. City of Miami Beach, 267 So.2d 100 (Fla. 3d DCA 1972), as asserted by appellee as an affirmative defense in its answer, operated as res judicata in the instant case.
For the reasons set forth above, the final decree entered by the trial court is affirmed.
Affirmed.
CHARLES CARROLL, Associate Judge, dissents.