365 So.2d 408 (1978)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
William CRAWFORD et al., Appellees.
No. 77-2234.
District Court of Appeal of Florida, Third District.
December 5, 1978.
Rehearing Denied January 10, 1979.
*409 Adams & Ward and Robert C. Ward, Miami, for appellant.
Edward P. Swan, Miami, for appellees.
Before PEARSON, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final declaratory judgment holding that it had no right to cancel an automobile liability policy issued to appellees and that the policy was in force and effect on the date on which appellees were involved in an automobile accident. We affirm.
The pivotal question raised by appellees' complaint was whether their automobile liability insurance policy was in force and effect on the date on which the accident occurred. Appellant's position was that the policy had been properly canceled for the nonpayment of the premium prior to the date of the accident. Appellees took the basic position that they had received no notice of any cancellation and that the policy was in force and effect on the date of the accident. The trial court received extensive evidence on the facts relating to these positions, including the chronology of events leading to the alleged cancellation. Thereafter, the trial court entered a final declaratory judgment in which it found, among other things, the following:
"That the policy of automobile insurance issued by the Defendant, Allstate Insurance Company, to the Plaintiff, William E. Crawford, effective beginning April 6, 1974 under policy number X-XX-XXXXXX-XX/6 was in full force and effect on February 2, 1975 the date in which the Plaintiff was involved in an automobile accident while driving a vehicle insured under such policy of insurance.
Further, that the attempt by the Defendant, Allstate Insurance Company to cancel the foregoing policy of insurance for the period of this automobile accident of February 2, 1975 is a nullity and of no force and effect.
That the Defendant Allstate Insurance Company has no right to attempt a cancellation of the foregoing policy as described above and said policy was in full force and effect on the date of the automobile accident of February 2, 1975."
The trial court went on to hold that the policy was in full force and effect on the date of the accident and that appellant was liable for any judgment entered against appellees under the terms of the policy. From this judgment, appellant appealed.
Appellant's basic point on appeal is that there was no competent substantial evidence or legal theory upon which the trial court could have found that appellant's attempt to cancel the policy for nonpayment of the premium was a nullity and that appellant had no right to attempt to cancel the policy for nonpayment of the premium.
Our review of the record, and particularly the final declaratory judgment, reveals that, inherent within the trial court's finding that appellant had no right to cancel the policy, was the finding of fact that appellees received no notice of any cancellation pursuant to the requirements of Section 627.728, Florida Statutes (1975). The record also reveals that the trial court's finding was supported by competent substantial evidence. Therefore, even though we might have reached a different conclusion based on the facts below, the trial court's finding must be affirmed. See, e.g., Biscayne Manufacturing Corp. v. Sandav Corp., 323 So.2d 315 (Fla. 3d DCA 1975). Accordingly, because appellant, under the facts of this case, had no right to cancel the policy in question, the final declaratory judgment entered by the trial court is affirmed.
Affirmed.
BARKDULL, Judge, dissenting.
I must respectfully dissent from the majority opinion filed herein. The majority, as did the trial court, held that Allstate had *410 no right to cancel the policy issued to the Crawfords under the facts of this case. Pursuant to the contract of insurance, Allstate specifically reserved unto itself the right to cancel for non-payment of premium.[1] This right of cancellation is further recognized by Section 627.728(3)(a), Florida Statutes (1973),[2] which requires ten days' notice of cancellation for non-payment of premium. Therefore, Allstate clearly had the right to cancel the Crawfords' policy for non-payment of premium. Pursuant to its authority to cancel, Allstate mailed to the Crawfords a notice of cancellation for nonpayment of premium on December 20, 1974, informing them that their insurance coverage was cancelled as of January 2, 1975 unless Allstate received payment by that date. The Crawfords alleged they never received that notice.
The applicable statute does not require receipt of notice for it to be effective, but only proof of mailing the notice. Section 627.728(5), Florida Statutes (1973).[3] Allstate introduced certain testimony and documentary evidence showing their general office procedures as to the mailing of notices of cancellation, and contended this constituted sufficient proof of mailing so as to create a rebuttable presumption that notice had been duly mailed, which was not rebutted by the Crawfords' denial of receipt. Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973); Milros-Sans Souci, Inc. v. Dade County, 296 So.2d 545 (Fla. 3d DCA 1974). The Crawfords' attempted to distinguish these cases on the ground that they were not insurance cases, which require proof that there be evidence that the practice was followed in the particular instance. Jarrard v. Associates Discount Corp., 99 So.2d 272 (Fla. 1957); Equitable Life Assurance Society of United States v. Wagoner, 269 So.2d 747 (Fla. 4th DCA 1972); Bernstein v. Liberty Mutual Insurance Company, 294 So.2d 63 (Fla. 3d DCA 1974). Allstate's exhibit contains a record of mailing Cancellation Notice, which shows that a cancellation was timely and properly prepared and mailed to "William E. Crawford", thereby satisfying the even more stringent proof of mailing asserted by the Crawfords. Thus, there can be no question that Allstate had complied with the required statutes and case law and had effectively cancelled the Crawfords' insurance policy, notwithstanding the Crawfords' allegation that they never received the notice. Aetna Casualty and Surety Company v. Simpson, 128 So.2d 420 (Fla. 1st DCA 1961); Allstate Insurance Company v. Dougherty, 197 So.2d 563 (Fla. 3d DCA 1967).
Inasmuch as the policy was properly cancelled, the only way coverage could be afforded the Crawfords in this case would be if the policy were revived or reinstated by the insurer prior to the date of the accident. A review of the record herein shows that the trial court, based on personal observations as to quality of the mail service (which was not in evidence), chose to accept the Crawfords' contention that they had in fact *411 mailed the payment January 27, 1975, some six days before the accident and that that mailing constituted an automatic reinstatement of coverage from that date. The fallacy of this position is clearly shown by the simple fact that Allstate was not obligated to reinstate the policy if it chose not to do so and the unilateral act of the Crawfords, in mailing the past-due premium after cancellation, could not in and of itself effect a reinstatement.
The contract of insurance in the instant case is silent as to a right of reinstatement; therefore, Allstate is not precluded from imposing reasonable conditions for reinstatement or revival of a cancelled policy. The evidence herein shows that Allstate's policy for reinstatement of a policy cancelled for nonpayment of premium was to reinstate the policy effective the date it received payment. The Crawfords' payment was received by Allstate on February 5, 1975 and Allstate, notwithstanding company policy, reinstated the coverage effective February 3, 1975, the date of the postmark on the envelope which contained the overdue payment. Certainly such action was reasonable. At no time did Allstate infer that it intended to reinstate coverage prior to that date.[4] Unfortunately for the Crawfords, the date of reinstatement was one day after the accident giving rise to this action, and they were not covered for said accident.
Therefore, the trial court erred in holding Allstate liable under its automobile insurance policy herein, and I would reverse.
NOTES
[1] "11. Cancellation

* * * * * *
"The named insured may cancel this policy by mailing to Allstate written notice stating when thereafter such cancellation shall be effective. Allstate may cancel this policy by mailing to the insured named in the declarations at his address shown in this policy, written notice stating when not less than 10 days, if the cause be for nonpayment of premium, or 45 days, if for another cause, thereafter such cancellation shall be effective."
* * * * * *
[2] "§ 627.728, Fla. Stat.

* * * * * *
"(3)(a) No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured and to the named insured's insurance agent at least forty-five days prior to the effective date of cancellation, except that when cancellation is for nonpayment of premium, at least ten days' notice of cancellation accompanied by the reason therefor shall be given. No notice of cancellation of a policy to which this section applies shall be effective unless the reason or reasons for cancellation accompany the notice of cancellation."
[3] "§ 627.728, Fla. Stat.

* * * * * *
"(5) Proof of mailing of notice of cancellation, of intention not to renew, or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice."
[4] After receiving the late payment, Allstate mailed a refund notice to the Crawfords, which stated in part:

"You have a refund credit coming * * * for the short time your policy was out of force recently. As you recall it was necessary to cancel your policy when a payment did not come in on time. After your payment was received, your protection started again."
* * * * * *
"Amount of Credit $26.80
From 01/02/75 to 02/03/75 Period Policy was out of Force"
* * * * * *
A check for the amount of the aforementioned refund was in fact issued by Allstate and sent to the Crawfords, who cashed the check with full notice that the check was a return of unearned premiums for the period the policy was out of force by virtue of cancellation and during the time the accident occurred, to wit: February 2, 1975.