BARKDULL, Judge.
The appellant seeks review of a final summary judgment for the appellee, Industrial Fire & Casualty Insurance Company, holding the appellee had effectively can-celled the appellant’s automobile insurance policy pursuant to Section 627.728, Florida Statutes (1977).
Industrial issued an automobile insurance policy on the appellant’s vehicle, covering it for collision damage among other things. The effective date of the policy was from September 20, 1979 to September 20, 1980. The appellant failed to pay the premium thereon and, in accordance with Section 627.728, Florida Statutes (1977), Industrial sent notices on November 14, 1979 to the appellant and to the bank cancelling coverage effective November 26, 1979. On December 21, the appellant was involved in an automobile accident, damaging her automobile. Thereafter, she defaulted on the installment contract with the bank, which filed suit for the unpaid balance of the contract. The appellant answered that suit and filed a third party action against Industrial. Industrial answered, alleging the policy was cancelled for nonpayment of premium prior to the accident and it moved for a summary judgment. The appellant, in opposition to the motion for summary judgment, alleged she never received notice of the cancellation. After hearing, the trial court entered the summary judgment appealed.
The appellant contends the trial court erred in holding there was a proper cancellation of the policy when there was no proof that she actually received notice of cancellation, relying on Allstate Insurance Company v. Crawford, 365 So.2d 408 (Fla.3d DCA 1978).
We affirm on the authority of Service Fire Insurance Co. of New York v. Markey, 83 So.2d 855 (Fla.1955); Allstate Insurance Company v. Dougherty, 197 So.2d 563 (Fla.3d DCA 1967); Burgos v. Independent Fire Insurance Company, 371 So.2d 539 (Fla.3d DCA 1979); Vega v. Lumbermans Mutual Casualty Company, 372 So.2d 542 (Fla.3d DCA 1979).
It is true that Allstate Insurance Company v. Crawford, supra, holds there must be proof of receipt of the notice of cancellation by the insured to effect cancellation, but this court has not followed that case since its inception. See: Burgos v. Independent Fire Insurance Company, supra; Vega v. Lumbermans Mutual Casualty Company, supra. Therefore, by implication, the court has receded therefrom and we hereby formally recede from that holding. It is in conflict with the Supreme Court in Service Fire Insurance Co. of New York v. Markey, supra, and in violation of the pronouncements of Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
Affirmed.