422 So.2d 959 (1982)
Vernon B. WOODCOCK, Appellant/Cross-Appellee,
v.
MOTORS INSURANCE CORPORATION, Appellee/Cross-Appellant.
No. 82-240.
District Court of Appeal of Florida, Third District.
November 9, 1982.
Rehearing Denied December 13, 1982.
Hubert G. Roberts, Hialeah, for appellant/cross-appellee.
Kurzban, Kurzban & Weinger, and Steven M. Weinger, Miami, for appellee/cross-appellant.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
*960 PER CURIAM.
Where insurer established by competent evidence that a notice of policy cancellation was mailed pursuant to Section 627.728, Florida Statutes (1977),[1] the insured's evidence of nonreceipt of the notice was irrelevant. See Difalco v. Industrial Fire & Casualty Insurance Company, 400 So.2d 1057 (Fla. 3d DCA 1981) and cases collected therein. The trial court correctly entered judgment for the insurer on the policy cancellation issue.
On the cross-appeal we reverse the order denying the insurer's motion to tax costs. The insurer twice sought to have a New York commissioner appointed to depose a key witness who resided in that state. Woodcock objected and insisted that the insurer take to New York a Florida court reporter selected by Woodcock. The trial court granted Woodcock's request on the condition that:
"[Motors] shall initially pay the court reporter's travel expense and those expenses shall be taxed as costs at the conclusion of the case".
As the expenses of the deposition including the court reporter's travel expenses were, in this case, legitimate costs it was error to not assess them against Woodcock.
We affirm on the appeal, reverse on the cross-appeal and remand for further consistent proceedings.
NOTES
[1] § 627.728(5), Fla. Stat. (1977):

Proof of mailing of notice of cancellation, of intention not to renew, or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.