JOANOS, Judge.
Insurance Company of North America (INA) contends it effectively cancelled Sunrise Catering’s (Sunrise) workers’ compensation insurance policy with proper notice in compliance with Florida Statutes 440.-42(2) and 440.185(7). We agree and reverse the deputy commissioner’s finding that the insurance policy was in full force.
Sunrise applied for a workers’ compensation insurance policy issued by INA through a local insurance agent, Mr. Coughlin, on October 9, 1979. The application reflected Sunrise’s address as “6501 Hilltop Dr.,” while Sunrise was located at 6501 Hilltop Road, there being no such address as 6501 Hilltop Drive, or a Hilltop Drive in the area. A policy was issued by INA with coverage from October 12, 1979 to October 12, 1980. Sunrise obtained two additional policies through INA for vehicle liability and property. All three policies were financed through INAC Corporation, a subsidiary of INA, with Sunrise making monthly premium payments. INA filed a certificate of insurance with the Bureau of Workmen’s Compensation reflecting that Sunrise’s federal employer identification number had been requested.
On August 14,1980, Carolyn Sprayberry, Sunrise employee, was injured in the course and scope of her employment, but Bureau of Compliance records showed that coverage of the worker’s compensation policy issued by INA had been terminated on March 10, 1980. INA produced competent evidence that it had mailed notification to Sunrise and the Bureau of Workmen’s Compensation on February 7, 1980 that the workers’ compensation policy would be can-celled effective March 10, 1980 due to Sunrise’s failure to supply its federal employer identification number as previously requested on October 20, 1979. Sunrise contended it never received the notification. The cancellation notice was addressed to 6501 Hilltop Drive. Sunrise stated that it had provided the number to Coughlin, and the number was written on the outside of Coughlin’s office file on Sunrise. The deputy commissioner accepted Sunrise’s testimony, as supported by the handwritten entry on the file jacket and his finding that no other letters were directed to Sunrise after January 12,1980. The evidence, however, is undisputed that Coughlin wrote a letter on March 3, 1980, warning Sunrise of the impending March 10, 1980, cancellation. A copy is in the record.
INA’s proof that it mailed notice of cancellation to Sunrise at the address stated in the policy, 6501 Hilltop Drive, and to the Division of Workers’ Compensation would be sufficient compliance with the policy provision requiring notice to the insured and Florida Statutes 440.185(7) and 440.42(2), even assuming the correctness of Sunrise’s allegation that it never received the notice. Where an insurer established by competent evidence that a notice of cancellation was mailed pursuant to a statute, actual receipt or non-receipt is irrelevant. Service Fire Insurance Co. of New York v. Markey, 83 So.2d 855 (Fla.1955); Woodcock v. Motors Insurance Corporation, 422 So.2d 959 (Fla. 3d DCA 1982).
Sunrise argues that INA should be estopped from denying coverage, since the cancellation was based upon the failure to supply the federal employer identification *433 number and Sunrise supplied the number to Coughlin as found by the deputy commissioner. Florida Statutes 440.42(2) provides for policy cancellation with notice sent to the division and the employer in compliance with section 440.185(7), Florida Statutes. Section 440.185(7) provides that “[n]otice of cancellation or expiration of a policy as set out in section 440.42(2) shall be mailed to the division in accordance with rules promulgated by the division under Chapter 120.” Florida Administrative Code Rule 803.19(1) [now under Rule 38F-6.19], applicable at the time of the events leading to the proceedings, allows cancellation “flat” by filing the proper notice with the Bureau of Workmen’s Compensation and “serving a copy thereof upon the employer in person or by mail, stating therein the reason for such termination.” Florida Statutes 440.185, the enabling statute for Rule 803.19, provides for the mailing of notices to the division. There are no statutory provisions requiring certain elements, such as the basis for cancellation, be included in the notice of cancellation.
Accordingly, the deputy commissioner’s order in which he found that workers’ compensation insurance was in effect on August 14, 1980, the date of Carolyn Spray-berry’s accident, is REVERSED.
SHIVERS and THOMPSON, JJ., concur.