PER CURIAM.
The trial court found that a workers compensation carrier had validly cancelled its insurance coverage for nonpayment of premium and held the insurance agent liable to the employer for failure to keep the employer’s business covered with workers compensation. We find no error and affirm, the carrier having met the statutory conditions to cancel the policy. It was clear from the trial court’s findings that the employer relied on the agent for all matters in regard to this insurance.[1] Therefore, under the reasoning of the following authorities, we affirm. Insurance Company of North America v. Sunrise Catering, 447 So.2d 431 (Fla. 1st DCA 1984); Woodcock v. Motors Insurance Corporation, 422 So.2d 959 (Fla. 3d DCA 1982); Difalco v. Industrial Fire & Casualty Insurance Company, 400 So.2d 1057 (Fla. 3d DCA 1981).
Affirmed.

. 5. That RUGON CORPORATION at all times from August 18, 1979, to the date of the death of Pablo Rodriguez on July 11, 1980, relied upon the expertise and guidance.of UNITED STATES AMERICAN INSURANCE AGENCY, INC., to insure that the Workers Compensation insurance policy with AETNA was in full force and effect.
6. That at all times from the date of the purchase of the afore-noted policy upon through and including the date of the death of Pablo Rodriguez, UNITED STATES AMERICAN INSURANCE AGENCY, INC., led the Plaintiff, RU-GON CORPORATION, to believe that their policy of Workers Compensation with AETNA was in full force and effect.
******
8. I further find that the officers of RUGON CORPORATION relied totally on Elda Garcia of U.S. AMERICAN INSURANCE AGENCY for all insurance information and to answer all insurance questions. Nora Rubio of RUGON CORPORATION neither speaks nor reads English, and took all insurance papers and questions to Mrs. Garcia for handling.
Mrs. Rubio relied on Mrs. Garcia’s expertise for all insurance information. Mrs. Rubio stated that she relied on Mrs. Garcia's 14 years of experience in the business because she knew nothing about insurance.
Pursuant to these findings of fact, I hereby make the following conclusions of law:
******
4. That UNITED STATES AMERICAN INSURANCE AGENCY, INC., was negligent in failing to inform the Plaintiff, RUGON CORPORATION, of their monetary obligation to insure that their Workers Compensation coverage would remain in force as a result of which the Plaintiff, RUGON CORPORATION, was without Workers Compensation insurance on July 11, 1980.
5. That UNITED STATES AMERICAN INSURANCE AGENCY, INC., is obligated to indemnify the Plaintiff for any amounts of damage that the Plaintiff, RUGON CORPORATION, may be responsible to pay to Pablo Rodriguez, in Workers Compensation benefits as a result of his demise. Olnick v. Robert Myers Painting, 384 So.2d 54 (Fla.1980); Houdaille v. Edwards, 374 So.2d 490 (Fla.1979).