DOWNEY, Judge.
This is a timely appeal from an “Order and Final Judgment” entered in favor of Gregory Phillips, appellee, (Phillips) and against Gary Hoy and Gary Hoy, d/b/a Gary Hoy Lawn Service (Hoy) for the sum of $1,000,000, based on Hoy’s alleged negligence and liability.
On June 6, 1984, while in the course and scope of his employment with Hoy, Phillips fell off the back of a truck and severely injured himself. In due course, Phillips sued Hoy for damages. Hoy answered Phillips’ complaint and set forth several affirmative defenses among which was workers’ compensation immunity and comparative negligence. Phillips moved for summary judgment against the affirmative defenses, supported by the affidavit of Florida Farm Bureau, which stated that, although Hoy had at one time carried workers’ compensation insurance with Florida Farm Bureau, it expired February 29,1984, and at the time of the accident there was no such coverage in effect. Hoy filed a counter affidavit of Ellen Hoy that stated that she was the person most knowledgeable and responsible for procuring insur- *3 anee for Hoy; that Hoy was provided workers’ compensation insurance by Florida Farm Bureau and was covered on June 6, 1984; that she was unaware the workers’ compensation insurance was not in full force and effect and she never received any notification prior to June 6, 1984, that the policy had expired or been canceled; that Florida Farm Bureau did, in fact, pay workers’ compensation benefits to Phillips for these injuries; and Florida Farm Bureau did not refund the premiums Hoy paid for the workers’ compensation policy, which was effective from November 8, 1983, through November 8, 1984, until long after the date of the accident. Furthermore, in February, 1985, in answer to interrogatories propounded by Phillips, Hoy stated that at the time of the accident he carried workers’ compensation with “Florida Farm Bureau WC 505812R.” On May 24, 1985, the trial court granted Phillips’ motion for summary judgment and struck said affirmative defenses, including workers’ compensation immunity.
In July, 1986, with leave of court, Hoy filed a third party complaint against Florida Farm Bureau, Gateway Insurance Agency and J.K. Cook, alleging, among other things, breach of contract against Florida Farm Bureau. The third party claim was severed, to be set for trial only if Phillips was successful in the prosecution of the main claim against Hoy. Later in the proceeding, Hoy sought, without success, to “reconsolidate” the third party and original claim so that they could be tried together.
On October 25, 1988, the court held a non-jury trial resulting in a judgment finding that Hoy was not negligent and the entry of a judgment on March 13, 1989, against Phillips and in favor of Hoy. Motion to vacate said judgment and for new trial was granted and, on May 10, 1989, a new final judgment was entered by the court in favor of Phillips for $1,000,000. From that judgment Hoy perfected this appeal.
The crux of this appeal is the validity of the summary judgment striking Hoy’s affirmative defenses. If the trial court was correct in that judicial act, the ultimate judgment is adequately supported. If the summary judgment was not properly granted, the judgment cannot stand because the summary judgment precluded Hoy from proving the contested issue of whether he had immunity under the Workers’ Compensation Act.
The narrow issue to be decided here is whether, in the state of the record when the parties argued the motion for summary judgment, it showed beyond any doubt, Carbajo v. City of Hialeah, 514 So.2d 425 (Fla. 3d DCA 1987), that Hoy’s workers’ compensation insurance policy had been effectively canceled prior to June 6, 1984.
In order for Florida Farm Bureau to have effectively canceled the policy, it was necessary for it to notify Hoy pursuant to section 440.42, Florida Statutes (1983). It was not necessary to prove Hoy received the notification, but it was necessary to prove the company had sent the notice to Hoy and to the division. Insurance Company of North America v. Sunrise Catering, 447 So.2d 431 (Fla. 1st DCA 1984). There was no proof in the record at the time of summary judgment to show the insurer had effectively canceled the policy, which Phillips was required to prove since Hoy’s affidavit stated that he had insurance on June 6, 1984, and had never received any notification of cancellation prior to said date. We, therefore, must conclude that Phillips, as the movant, did not carry his burden to demonstrate an absence of genuine issues of fact.
Accordingly, the final judgment entered May 10, 1989, is reversed and the cause is remanded to the trial court for a new trial after further consideration of the pleadings, which may include appropriate motions for summary judgment.
We further suggest that the trial court consider trying the entire case, original complaint and third party complaint, at the same time because of the prominence of the issue of cancellation of the workers’ compensation policy as regards the third party defendant as well as the plaintiff, Phillips.
*4 WALDEN, JAMES H. (Retired), Associate Judge, concurs.
LETTS, J., dissents without opinion.