276 So.2d 37 (1973)
SIX L'S PACKING COMPANY, INC., a Florida Corporation, Petitioner,
v.
FLORIDA FARM BUREAU MUTUAL INSURANCE CO., Etc. et al., Respondents.
No. 43194.
Supreme Court of Florida.
March 28, 1973.
Rehearing Denied May 3, 1973.
*38 Jack F. Weins, Abrams, Anton, Robbins, Resnick & Schneider, P.A., Hollywood, for petitioner.
Frank E. Maloney, Jr., Fleming, O'Bryan & Fleming, Fort Lauderdale, for respondents.
PER CURIAM.
This cause is before us to review the decision of the District Court of Appeal, Fourth District, reported at 268 So.2d 560, a decision certified by the District Court as passing on a question of great public interest, recited by that Court to be,
"Under a value reporting form policy requiring the insured to file monthly reports of the value of the property covered from which reports the extent of the insuror's liability and the amount of the insured's premium is determined, are clauses prescribing the procedure for the timely filing of such reports conditions going to coverage or conditions for forfeiture so as to give rise to the application vel non of the doctrine of waiver and estoppel?
We have jurisdiction of the cause under the authority of Section 3(b)(3), Article V, Constitution of Florida (1973), F.S.A., and F.A.R. 4.6, 32 F.S.A.
After argument and upon consideration of the record and briefs, we hold that the District Court of Appeal has correctly decided the cause and its decision is adopted as the ruling of this Court.
Accordingly, certiorari is discharged.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS, BOYD and McCAIN, JJ., concur.
ERVIN, J., dissents with Opinion.
DEKLE, J., dissents and concurs with ERVIN, J.
ERVIN, Justice (dissenting):
I think the answer to the certified question is that a jury question is presented by the alleged equitable grounds of waiver and estoppel.
The record reflects that the subject policy of fire insurance had been annually renewed since 1961 and adjusted premiums conforming to the value data of late reports were annually accepted by insurer; that over the life of the policy, monthly value reports were consistently late, but none were ever rejected by insurer and insurer never refused annual renewals or the premiums it computed on late reports of monthly values. Premiums were always computed and accepted on an average annual basis according to the value data reflected *39 in late monthly reports, which premiums were computed and adjusted at the end of the policy year. At the time of the fire loss of insured's packing shed on October 18, 1967, the last report filed prior thereto was for the month of June, 1967.
A reading of Clauses 11 and 12 as reflected in the District Court opinion, when taken into consideration with the long-continued acceptance of consistently late filings of the monthly value reports and annual year-end adjusted premiums, leads me to conclude that the decision of the District Court is harsh and unremitting as a matter of law, in the absence of a jury's evaluation of the equitable grounds alleged to support insured's claim. Clause 12 should be read in connection with the contemporaneous annual practice of the insurer continually accepting without objection late monthly value reports over the period of several years along with the annual adjusted premiums, thus apparently lulling the insured into believing its coverage was on an annual value basis rather than a monthly basis, since its premiums were annually adjusted to conform to late value reports.
Though the literal letter of the policy and of the nonwaiver provision in the monthly report forms are to the contrary, the related yearly conduct of the parties gave rise to contemporaneous factual considerations which entitled petitioner to a jury determination as to whether a waiver and estoppel had occurred  along with whether under such circumstances the insurer had in fact been prejudiced by Petitioner's late filings.
See 18 Fla.Jur., Insurance, § 409; Columbia Fire Insurance Company v. Boykin and Tayloe, 185 F.2d 771 (4th Cir.1950); Schenley Distillers Corp. v. United States Fire Insurance Co., 90 F.2d 633 (2d Cir.1937). Compare: Bergh v. Canadian Universal Insurance Co., 216 So.2d 436 (Fla. 1968).
DEKLE, J., concurs.