395 So.2d 1238 (1981)
CIGARETTE RACING TEAM, INC., Appellant,
v.
PARLIAMENT INSURANCE COMPANY, Appellee.
No. 80-388.
District Court of Appeal of Florida, Fourth District.
March 25, 1981.
*1239 Cynthia L. Augustyn, of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellant.
Anthony Reinert, of Underwood, Gillis, Karcher, Reinert & Valle, P.A., Miami, for appellee.
DOWNEY, Judge.
Appellant, Cigarette Racing Team, Inc., seeks review of an order granting a summary judgment in favor of appellee, Parliament Insurance Company.
The factual background of the case appears to be that Cigarette manufactured and sold to Cowan a boat which was damaged when it fell from a davit into the water during a storm. The mishap occurred on September 15, 1976, when a stern-lift eye ring broke and the stern of the boat plunged into the water and became submerged. Upon learning of the incident Cigarette notified its insurance agent and was assured by the agent that Parliament would investigate the matter. Thereafter, Parliament did handle the matter for some sixteen months.
On February 18, 1977, Cowan demanded that Cigarette pay for his damages. Cigarette, in turn, referred the matter to Parliament, which accepted the claim and proceeded to handle it without any reservation of rights or other notice that it denied coverage. In July, 1977, Cowan filed suit against Cigarette and Parliament proceeded to defend that suit. However, on January 3, 1978, Parliament notified Cigarette it was withdrawing its defense on the grounds that its policy did not cover the type of loss involved. Consequently, Cigarette secured private counsel to defend itself in the suit against Cowan and to file a third party complaint against Parliament.
Parliament maintained as a defense that it was not liable on the policy as coverage did not extend to the circumstances involved herein. Cigarette asserted that Parliament was estopped to raise the coverage defense because of the insurer's actions in representing Cigarette on the claim for a sixteen month period and to now allow a withdrawal by Parliament at this late date would substantially prejudice the rights of Cigarette.
The issue on appeal is whether this case is controlled by the general rule that insurance coverage cannot be extended by waiver or estoppel or the exception to the rule that, when an insurance company assumes the defense of an action with knowledge of the lack of coverage, it may be estopped to raise the coverage defense.
Admittedly, the general rule is that the doctrines of waiver and estoppel will not operate to create coverage in an insurance policy where none originally existed. Six L's Packing v. Florida Farm Bureau Mutual Insurance Co., 268 So.2d 560 (Fla. 4th DCA 1972), cert. discharged, 276 So.2d 37 (Fla. 1973). There is an exception to the rule, however, which provides that "when *1240 an insurance company assumes the defense of an action, with knowledge, actual or presumed, of facts which would have permitted it to deny coverage, it may be estopped from subsequently raising the defense of non-coverage." City of Carter Lake v. Aetna Casualty and Surety Co., 604 F.2d 1052, 1059 (8th Cir.1979). Accord, Pacific Indemnity Co. v. Acel Delivery Service, Inc., 485 F.2d 1169 (5th Cir.1973), cert. denied, 415 U.S. 921, 94 S.Ct. 1422, 39 L.Ed.2d 476 (1974); Fidelity and Casualty Company of New York v. Riley, 380 F.2d 153 (5th Cir.1967); Insurance Company of North America v. National Steel Service Center, Inc., 391 F. Supp. 512 (N.D.W.Va. 1975), aff'd, 529 F.2d 515 (4th Cir.1976). See also: 7C J. Appleman, Insurance Law and Practice, § 4692 (1979).
In our view, the case at bar fits squarely within the above exception. Parliament Insurance Company assumed the defense of its insured, Cigarette, without a reservation of rights or notice to Cigarette of possible non-coverage. Some sixteen months after it had assumed responsibility for Cigarette's defense, Parliament notified its insured that the policy did not provide coverage and therefore it would no longer defend the action.
Cigarette claimed that it was prejudiced by Parliament's untimely withdrawal and filed an affidavit specifying instances of prejudice in opposition to Parliament's motion for summary judgment. See Consolidated Mutual Insurance Co. v. Ivy Liquors, Inc., 185 So.2d 187 (Fla. 3rd DCA 1966), cert. denied, 189 So.2d 633 (Fla. 1966). Parliament asserts that the alleged prejudice is non-existent and, of course, it may be correct. However, since an allegation of prejudice generally requires a factual determination, we believe the trial court erred in granting summary judgment to Parliament.
Accordingly, the summary judgment in favor of Parliament is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
HERSEY and HURLEY, JJ., concur.