**VALIANT INSURANCE COMPANY, Plaintiff,**

v.

**Karen EVONOSKY, Defendant.**

**No. 94–642–CIV–T–17E.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 3, 1994.

Jonathan L. Alpert, Kirsten Karin Ullman, Alpert, Josey & Hughes, P.A., Tampa, FL, for plaintiff.

Catherine McWilliam Rinaldo, Winn & Macy, P.A., Tampa, FL, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Plaintiff's motion for summary judgment on uninsured motorist coverage claim, filed August 4, 1994, (Docket No. 15) and response thereto, filed August 19, 1994 (Docket No. 17).

### I. STANDARD OF REVIEW

A motion for summary judgment should only be granted where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). Additionally, the United States Supreme Court held in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that the plain language of Rule 56(c), Fed.R.Civ.P., mandates summary judgment after: "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial." *Id.* 477 U.S. at 317, 106 S.Ct. at 2549,

91 L.Ed.2d at 273. The Supreme Court also held that the nonmoving party must go beyond the pleadings, pursuant to Rule 56(e), in establishing whether there are specific facts showing there is a genuine issue for trial. *Id.* 477 U.S. at 318, 106 S.Ct. at 2549, 91 L.Ed.2d at 274.

## II. FINDINGS OF FACT

Defendant Karen Evonosky was injured in a single vehicle automobile accident on July 31, 1993 while driving a 1983 Ford pick-up truck furnished to her by her husband. The 1983 Ford pick-up truck was an insured, listed vehicle under a Government Employees Insurance Company (GEICO) insurance policy issued to the Defendant's husband. At the time of the accident, Defendant's father, Raymond Collinsworth, had an insurance policy with Plaintiff, Valiant Insurance Company, which provided both liability and uninsured motorist coverage on the two (2) automobiles owned by the Collinsworth's.

Defendant seeks to recover under the uninsured motorist provision of her father's policy as a household resident relative.

## III. DISCUSSION

Plaintiff contends that the law, applied to the undisputed material facts, demonstrates there is no genuine issue of material fact in dispute, and as such the Plaintiff is entitled to summary judgment. The Defendant argues that application of the Valiant policy exclusionary language hinges upon a genuine factual issue that properly can be resolved only by a finder of fact. Further, Defendant argues that the exclusionary provision in the Valiant Insurance policy is inapplicable pursuant to Florida Statutes, section 627.727(9).

### A. *Liability*

Under Florida law, courts must construe an insurance contract in its entirety, striving to give every provision meaning and effect. *Excelsior Ins. Co. v. Pomona Park Bar & Package Store,* 369 So.2d 938, 941 (Fla.1979). The terms at issue in the instant case, "available for the regular use," are not specifically defined in the Valiant policy. Nonetheless, a court may *not* rewrite the policy or add meaning to create an ambiguity. *State Farm Mut. Auto. Ins. Co. v. Pridgen,* 498 So.2d 1245, 1248 (Fla.1986). There must be "a genuine inconsistency, uncertainty, or ambiguity in meaning [that] remains after resort to the ordinary rules of construction." *Excelsior,* 369 So.2d at 942. Further, ambiguity is not invariably present when a contract requires interpretation, *Weldon v. All Am. Life Ins. Co.,* 605 So.2d 911 (Fla. 2d DCA 1992); *Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.,* 757 F.2d 1172 (11th Cir.1985), and failing to define a term does not create ambiguity per se. *Jefferson Ins. Co. v. Sea World, Inc.,* 586 So.2d 95, 97 (Fla. 5th DCA 1991). Given these rules of construction, we turn now to the insurance policy before us.

Ordinary rules of construction require us, first, to assess the natural or plain meaning of the policy language at issue. *Landress Auto Wrecking Co., Inc. v. United States Fidelity & Guaranty Co.,* 696 F.2d 1290, 1292 (11th Cir.1983). In common usage, "available" means: "suitable or ready for use" and "readily obtainable; accessible"; and "regular" means: "usual; normal; customary". *The Random House Dictionary of the English Language* (1967). As to the interpretation attached by Florida law to this phrase, we have been unable to find cases to furnish us authority. We have, however, found two Pennsylvania Common Pleas court cases which deal with the phrase "furnished for regular use."

In *Kieffer v. Nationwide Insurance Co.,* 7 Pa.D. & C.3d 293 (1978), the daughter-owner of a car, who resided in the parental home, left the registration card and keys at home and had stated that the car was there for anyone who wanted to use it. The court found that the daughter-owner's car was "furnished for the regular use" of the mother-driver who was involved in an accident while driving it. The court found coverage excluded under two provisions of the policy: an exclusion of coverage based on the vehicle's being owned by a member of the insured's household and an exclusion based on the vehicle's being furnished for the regular use of the policyholder. In examining the

insurer's rationale behind these two exclusions, the court said:

> The purpose behind the contractual provisions here involved seems obvious. Defendant wished to restrict its risk. It could have restricted it by contract to accidents in which the insured was driving her own insured car. It went beyond this, however, and in essence insured the insured when she was driving another car which was not that of a household member and which was not furnished for her regular use. This covered the insured for miscellaneous kinds of situations in which she driving someone else's car, but *excluded certain vehicles where there was the likelihood of more frequent use. The test of the exclusion, however, is not use but availability for use ownership by a member of a group who would be likely to make their cars available for each other's use.* (Emphasis supplied).

In *Johnson v. Braunsberg,* 51 D & C.2d 659 (1970), the car owner was a serviceman who had left his car at his father's house to have his father sell it while he was away on duty. Within two months, the serviceman's brother, who lived with their father, was involved in an accident while driving the car. The court found that the car had not been "furnished for the regular use" of the driver-brother, when the purpose of leaving the car at home was to have it sold. Although the driver-brother "made use of" the car, there was "nothing to indicate the frequency or regularity of any use by Thomas [the driver-brother]." *Id.* at 663. The policy in *Johnson* had extended protection to "any relative ... with respect to a nonowned automobile not regularly furnished for use of such relative." *Id.* at 660. Of the meaning to be attached to that phrase, the court said:

> It is generally held that such a clause covers the insured during *infrequent or casual use* of a nonowned automobile but excludes coverage as to another's automobile *which the policyholder frequently uses or has the opportunity to use: American Casualty Co. v. Lattanzio, 78 N.J.Super. 404, 188 A.2d 637 (1963); Annotations, 173 A.L.R. 901, 86 A.L.R.2d 937.* (Emphasis supplied). *Id.* at 661.

In the instant case, we have neither a *Kieffer* nor a *Johnson* situation. We believe, however, that the facts of the instant case come with *Kieffer's* "availability for use" and *Johnson's* "frequently uses or has the opportunity to use" language. It is important to remember that this truck was a vehicle furnished to Karen Evonosky by her husband. The nature of marriage and the frequency with which Karen Evonosky used the truck both militate against giving credence to Karen's assertion that the truck was not furnished or available for her regular use. In fact, Karen admits that she used the truck to transport her children, perform errands, travel to work, and for other transportation needs, and that she did not drive any other vehicle in July, 1993. (Plaintiff's Requests for Admission Nos. 1 through 14, and 16). There is also no indication in the record that Karen had any difficulty in securing the truck whenever she needed. Rather, Karen admits that the truck was in her possession and control and was available for her to use at her discretion in July, 1993. (Plaintiff's Requests for Admission Nos. 8 and 9). Karen may not have been the title holder or registrant of the truck, but the frequency with which she used the truck and the apparent ready access she had to it would indicate that the truck was "available for [her] regular use."

In the instant case, we are dealing with the language of a certain policy exclusion. A provision of an insurance policy is ambiguous only if reasonably intelligent persons would honestly differ as to its meaning, when considering it in the context of the entire policy. Where the language in an insurance policy is clear and unambiguous, however, the court must give effect to such language. We have read the exclusions in the policy which Valiant issued to Karen Evonosky's father and believe that those exclusions clearly state, in common language, that coverage will not be afforded if the vehicle not specifically covered in the policy is furnished or available for that family member's regular use. We believe that, in the instant case, this exclusion applies and therefore the defendant is not entitled to uninsured motorist benefits under the policy.

## B. *Statutory Compliance*

The Defendant next contends that Valiant's exclusionary language is unenforceable absent compliance with the notice requirement of Florida Statutes Section 627.727(9). We disagree. First, the Defendant is not the named insured and is therefore not entitled to notice under F.S. 627.727(9). *DeLuna v. Valiant Ins. Co.*, 792 F.Supp. 790 (M.D.Fla.1992). Second, because liability coverage does not extend to the accident at issue under the Valiant policy, the issue of compliance with section 627.727(9) is not triggered.

In *Carbonell v. Automobile Insurance Company of Hartford, Connecticut*, 562 So.2d 437 (Fla. 3d DCA 1990), the court discussed the knowing acceptance requirement set forth by section 627.727(9). The court indicated that where there was no knowing acceptance of uninsured motorist limitations, the insured would be entitled to rely on the law as set forth in *Mullis v. State Farm Mutual Automobile Insurance Company*, 252 So.2d 229 (Fla.1971). *Id.* at 438. Thus, if general liability coverage was available, the insured would be entitled to uninsured motorist coverage. In the instant case, however, liability coverage is not available. Accordingly, the "reciprocal" of liability coverage, uninsured motorist coverage, is likewise unavailable.

## IV. CONCLUSION

Because the Court has found that there exists no genuine issue as to any material fact regarding the Defendant's uninsured motorist claim, the Plaintiff is entitled to Summary Judgment as a matter of law. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Summary Judgment be **GRANTED**, and the Clerk of the Court be **DIRECTED** to enter judgment for Valiant Insurance Company pursuant to this order.

**DONE AND ORDERED.**