653 So.2d 371 (1995)
Jane DOE, For and on Behalf of Charlene Doe, a minor child, appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 83108.
Supreme Court of Florida.
March 23, 1995.
*372 Roy D. Wasson, Miami, and James W. Guarnieri, Brandon, for appellant.
Lori J. Caldwell and David B. Shelton of Rumberger, Kirk & Caldwell, Orlando, for appellee.
PER CURIAM.
We have for review a question of Florida law certified by the United States Court of Appeals for the Eleventh Circuit.
IF AN INSURANCE COMPANY ASSUMES DEFENSE OF AN ACTION WITH KNOWLEDGE OF FACTS WHICH WOULD HAVE PERMITTED IT TO DENY COVERAGE, IS IT ESTOPPED FROM SUBSEQUENTLY RAISING THE DEFENSE OF NONCOVERAGE? IN ESSENCE, DOES THE EXCEPTION TO THE RULE OF EQUITABLE ESTOPPEL SET FORTH BY THE COURT IN CIGARETTE RACING TEAM V. PARLIAMENT INS. CO., 395 So.2d 1238 (Fla. 4th DCA 1981), STILL EXIST FOLLOWING AIU INS. CO. V. BLOCK MARINA INV., INC., 544 So.2d 998 (Fla. 1989)?
Doe v. Allstate, No. 92-3264, slip op. at 8-9 (11th Cir. Jan. 25, 1994). We have jurisdiction pursuant to article V, section 3(b)(6) of the Florida Constitution. We answer the first question in the negative, although we qualify our answer in this opinion. We answer the second question affirmatively as explained herein.
We quote from the Eleventh Circuit opinion for the relevant facts and status of the case.
Allstate Insurance Company was the insurer of William and Peggy Lucas under a homeowner's policy. William Lucas pleaded guilty to sexual molestation of Charlene Doe, a minor child. Allstate was notified of Lucas's conviction in 1986. Two years later, Jane Doe filed a civil action against the Lucases on behalf of her daughter. Allstate defended the Lucases in that underlying state court action, but did not send a written reservation of rights to the Lucases regarding indemnification or coverage *373 for liability as required by Florida law.
In 1990, Allstate filed an action in federal court for declaratory relief to determine its liabilities, if any, under the homeowner's policy. A magistrate judge found that the policy in question did not afford coverage for Lucas's acts under either a theory of contract interpretation or equitable estoppel, and recommended that Allstate's motions for summary judgment be granted. That recommendation was adopted by the district court.
On appeal, Doe contends that summary judgment was improvidently granted, and that Allstate is precluded from contesting coverage by virtue of equitable estoppel or waiver. Allstate responds that recent Florida statutory and case law controls the outcome of this case, and that the district court properly found that even if estoppel or waiver were to apply in this instance, Doe failed to demonstrate detrimental reliance or prejudice.
Doe alleges that Allstate either waived its right to deny coverage or is estopped from doing so now because Allstate defended the Lucases without reserving its rights to challenge coverage; because it waited four years before contesting coverage; and because it impliedly acknowledged the existence of coverage in a letter to the Lucases. That letter stated that "the amount of damages claimed in the suit may be in excess of the protection afforded under your policy." Doe contends that this language constitutes an express waiver of denial of coverage by virtue of its implied recognition of the existence of some coverage.
....
Allstate argues that coverage for intentional criminal acts was explicitly excluded from the policy held by the Lucases, and that the statute expressly requires the issuance of a written notice of reservation only when the insurer expects to raise a coverage defense for liability that would otherwise be covered by the policy.
Slip op. at 3-5 (footnote omitted.)
For many years the law in Florida has been "well established that the doctrine of waiver and estoppel based upon the conduct or the action of the insurer (or an agent) is not applicable to matters of coverage as distinguished from grounds for forfeiture." Six L's Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560, 563 (Fla. 4th DCA 1972) (citations omitted), decision adopted by, 276 So.2d 37 (Fla. 1973). That is, "while an insurer may be estopped by its conduct from seeking a forfeiture of a policy, the insurer's coverage or restrictions on the coverage cannot be extended by the doctrine of waiver and estoppel." Id.
In Cigarette Racing Team, Inc. v. Parliament Insurance Co., 395 So.2d 1238 (Fla. 4th DCA 1981), a case involving facts similar to those in the instant case, the district court acknowledged this general rule but also recognized an exception to the rule "which provides that `when an insurance company assumes the defense of an action, with knowledge, actual or presumed, of facts which would have permitted it to deny coverage, it may be estopped from subsequently raising the defense of non-coverage.'" Id. at 1239-40. Whether the exception to the rule applies depends upon whether the insurer's assuming the defense prejudiced the one claiming to be insured.
The decision of the district court in Cigarette Racing Team comports with the doctrine of promissory estoppel enunciated in our decision in Crown Life Insurance Co. v. McBride, 517 So.2d 660 (Fla. 1987). In carving out an exception to the general rule in that case, we held that "the form of equitable estoppel known as promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice." Crown Life, 517 So.2d at 662.
Additionally, the holding in Cigarette Racing Team properly takes into account the import of an insurer's obligation to defend within a policy of liability insurance. This obligation has long been recognized by this Court. See Auto Mut. Indem. Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938). In fulfilling its promissory obligation to defend, the insurer employs counsel for the insured, performs the pretrial investigation, and controls *374 the insured's defense after a suit is filed on a claim. The insurer also makes decisions as to when and when not to offer or accept settlement of the claim. In Shuster v. South Broward Hospital District Physicians' Professional Liability Insurance Trust, 591 So.2d 174 (Fla. 1992), we stated that "the `insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business.'" Id. at 176. This obligation amounts to a fiduciary duty requiring the exercise of good faith. Florida Farm Bureau Mut. Ins. Co. v. Rice, 393 So.2d 552 (Fla. 1st DCA 1980), review denied, 399 So.2d 1142 (Fla. 1981). The insured has the reciprocal obligation to allow the insurer to control the defense and to cooperate with the insurer. American Fire & Casualty Co. v. Collura, 163 So.2d 784 (Fla. 2d DCA), cert. denied, 171 So.2d 389 (Fla. 1964).
Thus, when the insurer undertakes the defense of a claim on behalf of one claiming to be an insured, we have recognized substantial duties on the part of both the insurer and the insured. If an insurer erroneously begins to carry out these duties, and the insured, as required, relies upon the insurer to the insured's detriment, then the insurer should not be able to deny the coverage which it earlier acknowledged. However, we clearly state that the insured must demonstrate that the insurer's assumption of the insured's defense has prejudiced the insured. It is the fact that the insured has been prejudiced which estops the insurer from denying the indemnity obligation of the insurance policy.
The exception to the rule of equitable estoppel set forth in the Cigarette Racing Team decision continued to exist following our decision in AIU Insurance Co. v. Block Marina Investment, Inc., 544 So.2d 998 (Fla. 1989), and we approve the application of the exception on the basis we have set forth herein. AIU only addresses whether noncompliance with the notice requirements of section 627.426(2), Florida Statutes (1985), precludes an insurer from denying coverage which is excluded under a comprehensive liability policy. We concluded that an insurer's failure to comply with the requirements of section 627.426 will not preclude an insurer from disclaiming liability where the policy has expired or the coverage sought is excluded by the policy. AIU simply recognizes that section 627.426 does not create or extend nonexistent coverage. Thus, we concur with the district court's conclusion in Florida Physicians Insurance Co. v. Stern, 563 So.2d 156 (Fla. 4th DCA 1990), that Cigarette Racing Team is consistent with both AIU and Crown Life.
Having answered the certified question, we return the case to the United States Court of Appeals for the Eleventh Circuit for disposition.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.