PER CURIAM.
In the instant case, even though there is admittedly no insurance coverage under the policy, the appellant attempts to recover from State Farm under a theory of coverage by estoppel. The general rule is that the doctrine of estoppel does not operate to create coverage where coverage does not exist. Doe v. Allstate Ins. Co., 653 So.2d 371 (Fla.1995); AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998 (Fla.1989); Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla.1987); Cigarette Racing Team, Inc. v. Parliament Ins. Co., 395 So.2d 1238 (Fla. 4th DCA 1981); Burns v. Consolidated Am. Ins. Co., 359 So.2d 1203 (Fla. 3d DCA 1978); Six L’s Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560, 563 (Fla. 4th DCA 1972), adopted by, 276 So.2d 37 (Fla.1973). There are “narrow exceptions” to this general rule. However, the exceptions are not applicable in the instant ease. See Doe, 653 So.2d at 373-74; Crown Life Ins., 517 So.2d at 661-62. Accordingly, we affirm the trial court’s order granting final summary judgment.
Affirmed.