**COREGIS INSURANCE COMPANY, Plaintiff,**

v.

**James F. McCOLLUM, Amber Jade Johnson, James F. McCollum, P.A., Marine City Nursery Company and Senger Brothers, Inc., Defendants.**

No. 96–1068–CIV–T–17–B.

United States District Court,
M.D. Florida,
Tampa Division.

April 11, 1997.

George A. Vaka, Tracy Raffles Gunn, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Jeffrey A. Goldwater, Robert A. Chaney, Bollinger, Ruberry & Garvey, Chicago, IL, for Coregis Insurance Company.

Jon H. Anderson, John H. Anderson, Anderson & Artigliere, P.A., Lakeland, FL, for James F. McCollum, James F. McCollum, P.A.

Robert E. Gordon, Zell Davis, Jr., Davis, Gordon, Doner & Chandler, P.A., for Marine City Nursery, Senger Brothers, Inc.

Ronald Haury Roby, Winter Park, FL, for Amber Jade Johnson.

### ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment Against Defendants James F. McCollum, James F. McCollum, P.A., Marine City Nursery Company, and Senger Brothers, Inc. and accompanying Memorandum of Law (Dockets Nos. 39 and 40), and the Memorandum of Defendant James F. McCollum and James F. McCollum, P.A. and accompanying Affidavit of James F. McCollum (Docket Nos. 59 and 74), filed in response.

### STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). A moving party discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. If a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to the interrogatories, and admissions on file," establish that there is a genuine issue of material fact for trial. *Id.* at 324, 106 S.Ct. at 2553. A "genuine" dispute as to a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512.

## BACKGROUND

There is a current action pending in state court filed by Defendants Marine City Nursery Company ("Marine City") and Senger Brothers, Inc. ("Senger") for professional malpractice, as against Defendants James F. McCollum ("McCollum"), Amber Jade Johnson ("Johnson") and James F. McCollum, P.A. ("the McCollum firm"), arising out of their representation of Marine City and Senger in a suit in federal court against E.I. DuPont De Nemours & Company ("DuPont"). In that action Marine City and Senger sought specific performance of a purported oral agreement pursuant to which DuPont was allegedly obligated to pay $1,123,000.00 to Marine City and Senger for damage to plants caused by use of a DuPont fungicide. The complaint against DuPont did not include a claim for breach of contract.

On July 1, 1993, the federal court entered a scheduling order in the DuPont lawsuit requiring the parties to file any motion to amend pleadings within forty-five (45) days from entry of the order. On October 25, 1993, DuPont filed a motion for summary judgment on the basis that the equitable remedy sought by Marine City and Senger was not available in an action in which the only relief sought was payment of money. While DuPont's motion was being briefed, Marine City and Senger sought leave after the deadline to file an amended complaint, requesting additional relief in the form of an order requiring DuPont to dispose of allegedly contaminated plants.

On December 10, 1993, the federal court granted DuPont's motion for summary judgment, finding that specific performance was inappropriate in that Marine City and Senger had an adequate remedy at law, i.e., an action for damages for breach of contract. In its order, the court denied Marine City's and Senger's motion to amend on the basis that the proposed complaint suffered from the same deficiency as the original complaint. The court, however, reserved ruling on the ultimate disposition of the case and ordered parties to file additional memoranda as to whether judgment should be entered for DuPont or the plaintiffs should be granted another opportunity to file an amended complaint.

On July 12, 1994, the federal court denied Marine City's and Senger's second motion to amend, which again sought to include a count for specific performance as well as a previously unasserted claim for breach of contract. That court stated that Marine City and Senger had provided no explanation for their failure to seek leave to add a breach of contract count prior to the mid-August 1993 deadline imposed by the court. Accordingly, the court entered judgment for DuPont, and the order was not appealed by Marine City or Senger.

On December 5, 1994, the McCollum firm filed a motion to withdraw as counsel for Marine City and Senger in the DuPont action while DuPont's motion to extend the time within which to file a motion to tax costs was

pending. On the same day, Defendant Johnson, an associate with the McCollum firm, prepared a memorandum to Defendant McCollum stating, in part, the following:

> JFM, since we are terminating our representation of Ron Senger and Marine City Nursery I would strongly suggest that you document how you plead the case. Because on paper it really looks like we screwed up. Since they have a $35,000.00 attorney fee bill and if you pursue collecting it then probably if they were to take it to another attorney, the attorney would recommend that they sue for malpractice based on the way that we plead the case.
>
> * * *
>
> I never met Mr. Senger but my impression of him over the phone is a man who is rather impulsive. I got the impression that if an attorney told him to sue you for malpractice that he would probably do it without really thinking about it or discussing it in depth with the other attorney.

Marine City and Senger filed a legal malpractice suit in state court on November 30, 1995, against Defendants McCollum, Johnson and the McCollum firm, alleging that the defendants had breached their duty to the claimants in their prosecution of the DuPont lawsuit by, among other things, "fail[ing] to plead the appropriate cause of action to bring Plaintiff's claims against DuPont after knowing the case was improperly pled."

Mt. Airy Insurance Company ("Mt. Airy") issued a lawyers professional liability policy, effective January 4, 1995 to January 4, 1996, on a "claims made basis," to McCollum & Johnson, P.A. as named insured. This was the first policy that Mt. Airy issued to McCollum & Johnson, P.A., or any predecessor firm. On March 6, 1995, Mt. Airy underwent a name change to Coregis Insurance Company ("Coregis").

Prior to issuance of the policy, the McCollum firm (formerly McCollum & Johnson, P.A.) completed and signed an application containing the following question:

> 19. Is the Applicant, its predecessor firms or any lawyer proposed for this insurance aware of any circumstance, act, error, omission or personal injury which may result in a claim against them? ___ Yes ___ No. If yes, please attach a statement of details. INFORMATION SHOULD INCLUDE: A) NAME OF POTENTIAL CLAIMANT, B) DATE APPLICANT FIRST BECAME AWARE OF POTENTIAL CLAIM, C) NATURE OF INCIDENT, AND D) POTENTIAL DAMAGES.

In response to question 19, the McCollum firm answered "no" and failed to disclose any information to Plaintiff Coregis concerning the potential claim of Marine City and/or Senger arising out of dismissal of the lawsuit against DuPont.

Exclusion B of the policy issued by Coregis to Defendants McCollum, Johnson and the McCollum firm provides as follows:

> This policy does not apply to:
>
> B) any claim arising out of any act, error, omission or personal injury occurring prior to the effective date of this policy if any Insured at the effective date knew or could have reasonably foreseen that such act, error, omission or personal injury might be expected to be the basis of a claim or suit.

Plaintiff, Coregis Insurance Company, subsequently filed an action in this Court for declaratory judgment to determine its obligations to provide coverage and defend Defendants McCollum, Johnson and the McCollum firm under a professional liability policy.

Plaintiff asserts that Defendants McCollum, Johnson, and the McCollum firm made misrepresentations on the application for professional liability insurance with Plaintiff when, on the effective date of the policy, these defendants knew and could have reasonably foreseen that the circumstances of their representation of Marine City and Senger in the DuPont suit might be expected to be the basis of a claim or suit for legal malpractice by Marine City and/or Senger. On March 6, 1997, this Court granted Plaintiff's Motion for Summary Judgment Against Defendant Amber Jade Johnson, holding that Plaintiff's coverage of Defendant Johnson in the Marine City/Senger malpractice claim is precluded under Exclusion B of the policy.

In this Motion for Summary Judgment against the remaining defendants in this action, Plaintiff claims that the evidence before this Court shows that Defendant Johnson, as an insured under the professional liability policy issued to the McCollum firm, did know on the effective date that a malpractice claim might be expected from Marine City and/or Senger and that she and the other insureds failed to disclose this information to Plaintiff. Therefore, Plaintiff seeks an order of summary judgment in its favor and against Defendants McCollum, the McCollum firm, Marine City and Senger, declaring that Plaintiff has no duty to provide coverage and defend Defendants McCollum and the McCollum firm in the underlying lawsuit filed in state court by Marine City and Senger.

## DISCUSSION

Plaintiff asserts that there is no genuine issue of material fact that, as of the policy effective date of January 4, 1995, Defendants McCollum and the McCollum firm knew and reasonably could have foreseen that Marine City and/or Senger might make a malpractice claim against Defendants McCollum, Johnson and the McCollum firm as a result of the circumstances surrounding the loss of Marine City's and Senger's claim for enforcement of the alleged settlement agreement with DuPont. Accordingly, Plaintiff's coverage for the Marine City/Senger's malpractice claim is precluded under Exclusion B of the policy.

In support of its motion, Plaintiff provided an affidavit of its attorney and reference documents that were filed as exhibits to Plaintiff's Amended Complaint for Declaratory Relief, filed December 3, 1996. Plaintiff particularly relies on the memorandum written by Defendant Johnson, a former associate of Defendant McCollum and an insured under the professional liability policy at issue in this case. In the December 5, 1994, memorandum from Johnson to McCollum, Johnson documented her belief that Senger might file a malpractice claim. Johnson's memorandum also recommends that McCollum document all of his conversations with Senger regarding their strategy for pleading the case with DuPont, presumably to protect McCollum and Johnson in the event a malpractice claim was filed by Senger.

Plaintiff asserts that this memorandum proves that Johnson, as an insured under the policy, knew before the January 4, 1995, effective date of the policy, that there was a reasonable likelihood that Senger might file a malpractice claim. Plaintiff also provided evidence that, despite Johnson's knowledge, the McCollum firm made an objective misrepresentation to Plaintiff Coregis when it answered "no" to Question 19 on its policy application and failed to disclose the circumstances of its representation of Marine City and Senger in the DuPont suit in its application. Plaintiff asserts that because Johnson undisputedly had knowledge on the effective date of the policy that Senger might assert a malpractice claim against the McCollum firm, coverage for the liability and defense of the other insureds, Defendants McCollum and the McCollum firm, is precluded under the clear and unambiguous language of Exclusion B of the policy.

Defendants McCollum and the McCollum firm assert several arguments in an attempt to refute Plaintiff's motion for summary judgment. Each of these arguments will be addressed in turn below:

### A. *The motion is premature*

■ Defendants first assert that Plaintiff's motion is premature because it was served four (4) days before Defendants McCollum and the McCollum firm filed their answer, affirmative defenses and counterclaims, and before any party had had an opportunity to conduct discovery. Plaintiff filed its original Complaint for Declaratory Judgment in this action on May 30, 1996. Both McCollum and the McCollum firm were named defendants in that Complaint and were served with that action. On December 3, 1996, Plaintiff filed an Amended Complaint for Declaratory Judgment to add Amber Jade Johnson as a defendant, but otherwise the Amended Complaint was virtually identical to the original Complaint filed over six months earlier. On December 18, 1996, Plaintiff filed its Motion for Summary Judgment as against all Defendants except Johnson.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party seeking to obtain a declaratory judgment may "at any time after the expiration of 20 days from the commencement of the action" move for a summary judgment in the party's favor upon all or any part of its claim. Fed.R.Civ.P. 56(a). Plaintiff's Motion for Summary Judgment as against Defendants McCollum and the McCollum firm was filed months after these Defendants were served with the original Complaint for Declaratory Judgment on June 18, 1996. Therefore, the timing of Plaintiff's motion for summary judgment was proper under Rule 56. Defendants also had ample time to conduct discovery in order to gather evidence to rebut Plaintiff's motion in its Memorandum in response, but decided to rely only on two (2) affidavits. Defendants also briefly assert that Plaintiff's motion is inconsistent with a case management and scheduling order issued by this Court in this action, but Defendants fail to describe in what aspects the motion is inconsistent with this order. Thus, this Court rejects these arguments and finds that Plaintiff's Motion for Summary Judgment as against Defendants McCollum and the McCollum firm has been filed in a timely manner.

### B. *The policy cannot be rescinded*

Defendants McCollum and the McCollum firm next argue that Plaintiff cannot rescind its policy because it has failed to tender the policy premium. However, Plaintiff is only moving for summary judgment on Count II of its Amended Complaint, in which Plaintiff contends that Exclusion B of its policy precludes coverage for the malpractice claim filed by Senger. In its Memorandum of Law in Support of its motion, Plaintiff declares that if its motion for summary judgment is granted, it will dismiss Count I of its Amended Complaint, in which it seeks to rescind the policy. Therefore, the issue of tendering the policy premium is irrelevant in regards to this motion.

### C. *Coverage of the underlying claim should not be excluded*

#### 1. *Statutory Requirements for Denial of Coverage*

Defendants assert that Plaintiff has failed to comply with Section 627.426(2) of the Florida Statutes, which dictates the procedure an insurance company must follow before it is permitted to deny coverage based on a particular coverage defense. Subsection (a) of this statute dictates that the liability insurer must serve a written notice of reservation of rights to assert a coverage defense on the insured within thirty (30) days after the insurer knew or should have known of the coverage defense. Defendants claim that Plaintiff violated this statute by mailing its written notice of reservation of rights thirty-one (31) days after Plaintiff received notice of the Senger malpractice claim. Defendants have apparently misread this requirement; the statute requires that notice of reservation of rights be served on the insured within thirty (30) days after the insurer knew or should have known of the *coverage defense,* and not the claim itself. There is no indication that Plaintiff violated this requirement by mailing the notice more than thirty (30) days after it found out about the Johnson memorandum and realized that a misrepresentation had been made on the policy application.

Defendants additionally assert that Plaintiff has also violated Subsection (b) of Florida Statute section 627.426, but Defendants neglect to point out in either their opposing Memorandum of Law or the accompanying affidavit of James F. McCollum exactly how Plaintiff has failed to comply with this subsection. Therefore, this Court cannot find that Plaintiff's actions have violated Florida Statute Section 627.426 in any way.

#### 2. *Estoppel*

Defendants also argue that Plaintiff should be estopped from denying coverage because it assumed the defense of the underlying case with the actual or presumed knowledge of facts which would have permitted it to deny coverage. However, the affidavit of James F. McCollum reveals that the Plaintiff had assumed the defense of the underlying malpractice claim without knowledge of the Johnson memorandum that gave rise to Plaintiff's denial of coverage. In fact, the attorney that Plaintiff had retained to defend

Defendants McCollum and the McCollum firm did not learn of the existence of the Johnson memorandum until after Plaintiff had already assumed the defense of its insured in the malpractice claim. Only then did the Plaintiff know of its coverage defense and continue its defense of its insureds in the underlying claim under a reservation of rights.

■ Defendants also claim that the Plaintiff's assumption of their defense in the underlying malpractice case has prejudiced them in that Plaintiff chose to include Marine City and Senger as defendants in its Declaratory Judgment action. Defendants assert that, by serving a copy of the Johnson Memorandum to Defendants Marine City and Senger with Plaintiff's Complaint for Declaratory Judgment, Plaintiff Coregis has effectively sabotaged their defense of the underlying lawsuit by disclosing a memorandum that the Defendant insureds considered to be privileged. Defendants rely *on Doe v. Allstate Insurance Company,* 653 So.2d 371 (Fla.1995) and *Cigarette Racing Team, Inc. v. Parliament Insurance Company,* 395 So.2d 1238 (Fla. 4th App.1981) to support their arguments. Both of those cases hold that "if an insurer erroneously begins to carry out its duty to defend its insured, and the insured relies upon the insurer to the insured's detriment, then the insurer should not be able to deny the coverage which it earlier acknowledged." Doe, 653 So.2d at 374; *see also Cigarette,* 395 So.2d at 1239–40.

However, the prejudice to the insured that resulted in both of those cases occurred when the insurer assumed the insured's defense without a reservation of rights or notice to the insured of possible noncoverage until several months or even years after the underlying claim had been made. *Doe,* 653 So.2d at 372–73; *Cigarette,* 395 So.2d at 1239. That is not the case here. The prejudice Defendants allege to have suffered in the instant case is the disclosure of an allegedly privileged memorandum which the Defendants assert has sabotaged its defense to the underlying malpractice case. However, to estop the insurer from denying coverage, the insured must "demonstrate that the insurer's assumption of the insured's defense has prej-

udiced the insured." *Doe,* 653 So.2d at 374. Here, the defendants have not demonstrated that the Plaintiff Coregis's assumption of their defense has indeed prejudiced the Defendants in the underlying malpractice claim. The malpractice action is pending in state court and its outcome is unknown. If Defendants McCollum and the McCollum firm. are found to be liable in the underlying malpractice practice, and Defendants can show that Plaintiff Coregis's disclosure of the Johnson memorandum to Marine City and Senger in this Declaratory Judgment action prejudiced them, then McCollum and the McCollum firm may file an bad faith action against Plaintiff Coregis. Until then, this Court will not speculate as to whether Plaintiff's actions have prejudiced the Defendants in the underlying action.

*D. There is a genuine issue of material fact*

Defendants McCollum and the McCollum firm finally argue that there is evidence that presents a sufficient disagreement to require submission to a jury. First, the defendants argue that the policy in which Plaintiff Coregis bases its action for declaratory judgment is not the same policy that was sold and delivered to the McCollum firm. The defendants argue that, while much of the language in the two versions of the policies are identical, not all of it is identical. Therefore, Defendants insist that they should be allowed to determine why the policy forms are not identical. However, the defendants fail to mention that the exclusionary clause that is at issue in this case is still included in the version of the policy that the defendants claim to have received. Although it is enumerated differently in the policy attached by Plaintiff with its Complaint, the same clause is contained in the defendant's version of the policy, and is in the exact language used in the Plaintiff's version. Therefore, whether or not the policy forms are different in other ways is not relevant in this case and will not provide a basis for denial of this motion.

■ Defendants next assert, in the Affidavit of James F. McCollum, that the memorandum written by Defendant Johnson was not intended to alert McCollum or the McCollum firm of any potential claim that

might be asserted by Marine City or Senger. Instead, Defendants argue that Johnson created the memorandum for the sole purpose of documenting the file to show the reason for electing the remedy of specific performance and declining to pursue the breach of contract remedy. Therefore, Defendants claim that this memorandum does not constitute knowledge of the type that is required by the exclusionary clause in Plaintiff's policy.

In the instant case, this Court must deal with the language of a certain policy exclusion. "A provision of an insurance policy is ambiguous only if reasonably intelligent persons would honestly differ as to its meaning, when considering it in the context of the entire policy." *Valiant Insurance Co. v. Evonosky*, 864 F.Supp. 1189, 1192 (M.D.Fla. 1994). "Where the language in an insurance policy is clear and unambiguous, however, the court must give effect to such language." *Id.* This Court has read the language of the exclusionary provision at issue in this case and believes that the exclusion clearly states that coverage will not be afforded if at the effective date any insured under the policy knew or *could have reasonably foreseen any claim* arising out of any act, error, omission or personal injury that *might* be expected to be the basis of a claim or suit. In no way does the exclusion require that such a claim have merit or that the insured reasonably believed it to have merit. The language used by Defendant Johnson in her December 5, 1994, memorandum clearly indicates that she was aware of circumstances that might lead to a malpractice claim. In fact, her memorandum explicitly states that another attorney might recommend that Senger sue for malpractice based on the way the McCollum firm handled the case. Therefore, it is clear that Johnson had the requisite knowledge of a potential claim.

Defendants McCollum and the McCollum firm next assert that, even if Johnson did have this knowledge, that they should not be excluded from coverage under the policy because Defendant McCollum, who signed the application for the policy, did not know of Johnson's memorandum or the possibility of a claim by Marine City or Senger at the effective policy date. In an attempt to support this argument, Defendants have moved to supplement their response to this motion with the affidavit of Ronald Senger. Although the Defendants have had more than ample time to file this affidavit, this Court will still consider it in regards to this motion.

In his affidavit, Ronald Senger asserts that he did not consider a possible malpractice action against Defendants McCollum or the McCollum firm until September, 1995, some nine months after the effective date of the defendants' policy with Plaintiff. However, the fact that Senger had not considered filing a malpractice claim against McCollum or the McCollum firm by the effective policy date is not of relevance here. Likewise, it is also irrelevant whether McCollum himself knew of a possible claim or even knew of Johnson's memorandum. The language of the exclusion contained within Plaintiff's policy explicitly states that coverage will be excluded if *any* insured under the policy knew or could have reasonably foreseen a possible claim. Courts have agreed that, unlike the phrase "the insured," the use of the phrase "any insured" in a policy exclusion unambiguously expresses a contractual intent to create joint obligations and to prohibit recovery by an innocent co-insured. Sales v. Sales v. *State Farm Fire and Casualty Co.*, 849 F.2d 1383, 1385 (11th Cir.1988); *Spezialetti v. Pacific Employers Ins. Co.*, 759 F.2d 1139 (3rd Cir. 1985). It is clear from Johnson's December 5, 1994, memorandum that Johnson had reasonably foreseen before the January 4, 1995, policy date that a malpractice claim might be filed against the McCollum firm by Senger. Because Johnson as an insured knew of a potential claim, *some* insured, whether it be McCollum or Johnson, should have disclosed these circumstances to the Plaintiff, regardless of whether they believed the claim would have merit or not. Therefore, the policy provision will apply to exclude coverage to McCollum and the McCollum firm for the malpractice claim by Marine City and Senger.

### CONCLUSION

The plaintiff has met its initial burden of showing by reference to materials on file in

this action that there are no genuine issues of material fact in this case that should be decided at trial. Defendant Johnson's memorandum shows that she, as an insured under the policy, knew of the possibility of a malpractice claim by Senger on December 5, 1994, almost a month before the effective policy date. Because no insured under the policy informed the Plaintiff of this information or attempted to correct the application for the policy, Defendant McCollum and the McCollum firm are precluded from coverage for the underlying malpractice claim. In their response to Plaintiff's Motion for Summary Judgment, Defendants McCollum and the McCollum firm failed to establish that a genuine factual dispute remains and that a reasonable jury could return a verdict for the defendants in this action. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of Coregis Insurance Company Against Defendants James F. McCollum. James F. McCollum, P.A., Marine City Nursery Company, and Senger Brothers, Inc. (Docket No. 39) be **GRANTED**, and the Clerk of the Court be **DIRECTED** to enter judgment for Coregis Insurance Company as against James F. McCollum, James F. McCollum, P.A., Marine City Nursery Company, and Senger Brothers, Inc., pursuant to this order, and Amber Jade Johnson pursuant to the Court's previous order.