FLETCHER, Judge.
This appeal presents an issue as to whether the Florida Insurance Guaranty Association [FIGA], as the statutory successor[1] to insolvent insurer Biscayne Insurance Company, is vicariously estopped from denying that Biscayne had the duty to defend and indemnify its insured,[2] thus FIGA is obligated by Section 631.57(l)(b), Florida Statutes (2003)[3] to put on Biscayne’s hat and indemnify the insured in the underlying negligence suit. We answer the question in the negative and reverse the final judgment.
Controlling here is Doe v. Allstate Ins. Co., 653 So.2d 371, 374 (Fla.1995) wherein our supreme court held:
“Thus, when the insurer undertakes the defense of a claim on behalf of one claiming to be an insured, we have recognized substantial duties on the part of both the insurer and the insured. If an insurer erroneously begins to carry out these duties, and the insured, as required, relies upon the insurer to the insured’s detriment, then the insurer should not be able to deny the coverage which it earlier acknowledged. However, we clearly state that the insured must demonstrate that the insurer’s assumption of the insured’s defense has prejudiced the insured. It is the fact that the insured has been prejudiced which estops the insurer from denying the indemnity obligation of the insurance policy.” [e.s.]
The controlling language here is that which requires the insured to have been prejudiced by the insurer’s action in order for “coverage by estoppel” to apply. The only action taken by Biscayne in the underlying negligence suit, which suit is still pending, was the filing of an answer. Nothing else has occurred in the underlying suit. We note that the final judgment being reviewed here does not contain any finding of fact or conclusion of law that the “insured” was prejudiced by Biscayne’s minimal action. The final judgment simply assumes, contrary to Doe v. Allstate, that once Biscayne filed an answer in the underlying action, neither Biscayne nor FIGA could deny coverage.
The final judgment is reversed and the cause is remanded with instructions to enter judgment for FIGA.

. See § 631.57, Fla. Stat. (2003).

. Although we use "insured” we have concluded, as did the trial court, that there was no coverage by Biscayne.

. § 631.57(l)(b), Fla. Stat. (2003) reads:
"(1) The association shall:
(b) Be deemed the insurer to the extent of its obligation on the covered claims, and, to such extent, shall have all rights, duties, defenses, and obligations of the insolvent insurer as if the insurer had not become insolvent. In no event shall the association be liable for any penalties or interest.”