**SIXTH DISTRICT COURT OF APPEAL**
**STATE OF FLORIDA**

_____

Case No. 6D2024-0575
Lower Tribunal No. 2020CA-003048-0000-00

_____

DAN PITTS, as Trustee for REVOCABLE TRUST OF EVELYN PITTS,

Appellant,

v.

UNIVERSITY PROPERTY & CASUALTY INSURANCE COMPANY and DRIRITE USA, INC.,

Appellees.

_____

Appeal from the Circuit Court for Polk County.
Jennifer A. Swenson, Judge.

October 3, 2025

NARDELLA, J.

In this first-party property damage case regarding a water leak, the trial court correctly entered final summary judgment in favor of Universal Property & Casualty Insurance Company ("Universal") because it was undisputed the named insured did not reside at the subject property, which the policy unambiguously required.

Fifteen years ago, Evelyn and Logan Pitts purchased their first insurance policy with Universal to cover their home in Lakeland, Florida ("Property"). After Logan Pitts' death, Mrs. Pitts deeded the Property to her revocable living trust ("Pitts

Trust"), which was added to the policy as an additional interest holder. A few years later, Mrs. Pitts entered an assisted living facility and began renting the Property to tenants. Although she hoped her move would be temporary, she never returned to the Property and for the years that followed she continued to renew her same policy with Universal, never notifying Universal that she had moved out of the Property and tenants had moved in.

Several months after Mrs. Pitts' death, Daniel Pitts ("Appellant"), as successor trustee of the Pitts Trust, inspected the Property and discovered water damage, which he reported to Universal. A day after Appellant reported the loss, Universal dispatched two third-party companies to begin remediation services. A little more than a week after this work was performed, Universal learned that Mrs. Pitts had not been residing at the Property for nearly two years before her death. While Universal paid what it owed for the remediation that occurred before it learned of Mrs. Pitts' living situation, it denied the remainder of Appellant's insurance claim for lack of coverage. This suit followed.

Once the case was at issue, Universal successfully moved for summary judgment, arguing that "[t]he Policy from which [Appellant] seeks recovery excludes coverage for the alleged loss as the insured property was not the 'residence premises,' as defined by the Policy, on the date of loss or at any point during the policy period." In response, Appellant argued that the policy was ambiguous and,

2

therefore, provided coverage and, even if there was no coverage, Universal had waived its right to deny coverage by accepting premiums, including the Pitts Trust as an interest holder on the policy, and issuing a partial payment after learning of a coverage defense. In a well-reasoned analysis, the trial court rejected these arguments, which are now presented to us on appeal.

## Analysis

Upon a de novo review, *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000), we find that the trial court correctly granted Universal's motion for final summary judgment based on the policy's "residence premises" provision. The policy's insuring agreement[1] required the named insured, Mrs. Pitts, to reside at the Property to obtain coverage for a loss. Yet, it was undisputed Mrs. Pitts did not reside at the Property at any point during the policy period when the loss occurred. Instead, years before the loss, she moved out of the Property and rented it to tenants. Based on the plain contractual language and Florida law, final summary judgment was correctly entered in favor of Universal because there was no dispute that the named insured did not reside at the Property. And, because there was never property damage coverage under the insuring agreement, Appellant's arguments as to waiver fail as a matter of law.

---

[1] "An insuring agreement contains the grant of coverage. It generally describes what is covered by the policy and under what circumstances." *Fojon v. Ascendant Com. Ins. Co.*, 393 So. 3d 806, 810 (Fla. 3d DCA 2024).

## I.     Alleged Ambiguity

The Appellant argues that since the Property is not identified as the "residence premises" in the declarations, the Policy is facially ambiguous, and the ambiguity should be resolved in favor of coverage.  While we agree that Florida law requires ambiguous provisions to be resolved in favor of coverage, we find no ambiguity here. *Washington Nat'l Ins. Corp. v. Ruderman*, 117 So. 3d 943, 952 (Fla. 2013) (explaining when a policy is ambiguous "it must be construed against the insurer and in favor of coverage").

We begin with the policy's insuring agreement, which states, in relevant part:

**SECTION I – PROPERTY COVERAGES**
**A.  Coverage A – Dwelling**
   1.  We cover:
       a.  The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and

The policy defined "residence premises" as follows:

24. "Residence premises" means:
    a.  The one-family dwelling where you reside;
    b.  The two-family dwelling where you reside in at least one of the family units; or
    c.  That part of any other building where you reside;

    and which is shown as the "residence premises" in the Declarations.

    "Residence premises" also includes other structures and grounds at that location.

4

The term "you" refers "to the 'named insured' shown in the Declarations," which was Mrs. Pitts, "and the spouse if a resident of the same household."

"[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000). "[I]nsurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." *Id*.

Contrary to Appellant's argument, the policy is not facially ambiguous. The insuring agreement covers the dwelling on the "residence premises" shown in the declarations. The address of the Property appears on the declarations page, identified as the "insured location." The policy then defines "insured location" to include the "residence premises." The problem with Appellant's argument is that "residence premises" is also a defined term and its definition requires the named insured to reside there. Reading the declarations and policy as a whole, we find no ambiguity. And, since it is undisputed that Mrs. Pitts had not resided at the Property for several years, it ceased to qualify as the residence premises.[2]

---

[2] The cases Appellant relies on are distinguishable and thus do not support a contrary result. *Lamonica v. Hartford Ins. Co. of the Midwest,* No. 5:19-cv-78-RH-MJF, 2021 WL 12135390, *1–2 (N.D. Fla. June 15, 2021) (not involving an alleged ambiguity between the declarations and the policy's "residence premises" provision); *Harrington v. Citizens Prop. Ins. Corp.*, 54 So. 3d 999 (Fla. 4th DCA 2010) (involving a question of whether the second of the insured's two properties was an "insured location" covered by the policy).

## II.    Waiver

The Appellant next argues that Universal waived its right to deny Appellant's insurance claim for two reasons.  First, Appellant implies that because Universal knew title to the Property was in the name of the Pitts Trust, which paid the insurance premium each year, Universal must have known and accepted that Mrs. Pitts no longer resided at the Property.  Second, Appellant argues that because Universal knew that coverage was at issue when it made an initial payment on the claim, it waived any right to later rely on a coverage defense to avoid additional payments. We reject both arguments.

### A. Revocable Living Trust

It is of no moment that Universal knew Mrs. Pitts had placed the Property in her revocable living trust.  A revocable living trust allows a trustee to manage assets owned by the trust during the grantor's lifetime and distribute the remaining assets after the grantor's death. *See generally* § 736.0603, Fla. Stat.; Jerome Ira Solkoff & Scott M. Solkoff, 14 Fla. Prac., *Elder Law* § 10:6 (2024 ed.).  It is a common estate planning tool that transfers ownership from the grantor's name to her trust. Considering the nature of revocable living trusts, being aware that the Pitts Trust owned the Property provided no indication to Universal that residency had changed, only title.  Thus, knowledge of the Pitts Trust's ownership is not evidence that

6

Universal accepted premiums with knowledge that Mrs. Pitts no longer resided at the Property.

## B. Payment After Knowledge

As for Appellant's second argument, Appellant's failure to appreciate the distinction between a provision of forfeiture and one of coverage in an insurance contract is fatal. The distinction is important because an insurer generally can only waive forfeiture provisions, such as post-loss obligations, not coverage provisions like the insuring agreement or policy exclusions. *United Auto. Ins. Co. v. Stand-Up MRI of Miami, Inc.*, 327 So. 3d 386, 390 (Fla. 3d DCA 2021) (citing *Doe v. Allstate Ins. Co.*, 653 So. 2d 371, 373 (Fla. 1995)). *See generally Lloyds Underwriters at London v. Keystone Equip. Fin. Corp.*, 25 So. 3d 89, 92–93 (Fla. 4th DCA 2009).

Here, the provision at issue is part of the insuring agreement, which, as explained by the Fourth District in *Lloyds*, is a provision that pertains to coverage. *Id.* ("Generally 'clauses that are inclusionary or exclusionary, that outline the scope of coverage, or that delineate the dollar amount of liability' are described as pertaining to coverage, while 'forfeiture clauses often include provisions such as filing a timely notice of claim and submitting proofs of loss, and are invoked to avoid liability for existing coverage.'" (quoting *Creveling v. Gov't Emps. Ins. Co.*, 828 A.2d 229, 244–45 (Md. Ct. App. 2003))). Since there is no dispute that Mrs. Pitts, the only named insured, did not reside at the Property at any point during the policy

7

period when the loss occurred, a fact Universal did not learn about until its post-loss investigation, then Universal never assumed the risk to provide coverage under the insuring agreement in Section I of the policy and Universal's initial payment of the claim did not waive its right to later deny coverage on that ground. *See Allstate Ins. Co.*, 653 So. 2d at 373 ("For many years the law in Florida has been 'well established that the doctrine of waiver and estoppel based upon the conduct or the action of the insurer (or an agent) is *not* applicable to matters of *coverage* as distinguished from grounds for *forfeiture.*'" (quoting *Six L's Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co.*, 268 So. 2d 560, 563 (Fla. 4th DCA 1972) *decision adopted by*, 276 So. 2d 37 (Fla. 1973))); *United Auto. Ins.*, 327 So. 3d at 390 (concluding trial court erred by extending coverage through doctrine of waiver based on insurer's previous payments of claims stemming from the same incident); *Arguelles v. Citizens Prop. Ins. Corp.*, 278 So. 3d 108, 112 (Fla. 3d DCA 2019) (finding insurer neither waived nor was estopped from relying on policy's "residence premises" language to deny coverage because insurer did not learn of insured's lack of residency until its post-loss investigation and, thus, had not accepted premiums with knowledge of the lack of residency); *Vargas v. State Farm Mut. Auto. Ins. Co.*, No. 6:22-cv-351-GAP-DCI, 2022 WL 20287962, at *2 n.2 (M.D. Fla. July 22, 2022) ("Under Florida law, State

8

Farm cannot waive the limits of its policy coverage simply by mistakenly making payments under a policy.").[3]

Accordingly, we find no error and affirm the final summary judgment under review.

AFFIRMED.

TRAVER, C.J., and WOZNIAK, JJ., concur.


Matthew Struble, of StrubleCohen, Indialantic, for Appellant.

David A. Noel and Kara Rockenbach Link, of Link & Rockenbach, PA, West Palm Beach, for Appellee, Universal Property & Casualty Insurance Company.

No Appearance for Appellee, DriRite USA, Inc.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[3] Although not argued on appeal, it is worth noting that there was no evidence of inducement or detrimental reliance.

9