466 So.2d 1205 (1985)
Ricky TATE, Petitioner,
v.
HAMILTON INSURANCE COMPANY, Respondent.
No. 84-1750.
District Court of Appeal of Florida, Third District.
April 9, 1985.
Rosen & Switkes and Robert Switkes, Miami, for petitioner.
Talburt, Kubicki, Bradley & Draper and Gail L. Kniskern and Jon Derrevere, Miami, for respondent.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Petitioner, Tate, seeks review of an opinion of the circuit court, sitting in its appellate capacity, which reversed a county court judgment in his favor. The issue presented is which, as between an insurer and a premium finance company, has the legal duty to notify an insured that his *1206 policy has been cancelled for failure to pay the premium. We approve of the circuit court decision holding that this duty belongs to the finance company.
Tate purchased a collision and comprehensive loss policy from respondent, Hamilton Insurance Co. [Hamilton], on October 21, 1981, and financed the premium with Capitol Premium Plan, Inc. [Capitol]. He designated Capitol as his attorney-in-fact and gave Capitol the power to cancel the policy in the event of default. When Tate's second payment did not arrive, Capitol sent Tate a notice of its intent to cancel the policy unless payment was made within ten days. Although Tate's payment crossed in the mail with that notice and was apparently timely, Capitol sent to Hamilton a request that Tate's policy be cancelled effective December 23, 1981. Hamilton received the notice on December 24, and cancelled the policy effective that date. Tate was involved in an accident on December 31, 1981; his claim for insurance benefits was denied by Hamilton.
Tate sued Hamilton and Capitol in county court. Judgment was entered against Hamilton only for $4,225 plus attorney's fees and costs. Hamilton appealed to the circuit court which reversed the judgment. By this review, Tate contends that the policy was not effectively cancelled because he, as the insured, never received notice of the cancellation. Treating the "appeal" as a petition for certiorari, we find no departure from the essential requirements of law.
First, the circuit court correctly noted that section 627.728, Florida Statutes (1981), which requires that notice of cancellation be given by the insurer to the named insured, does not apply to this case because the statute specifically defines "policy" so as to exclude collision and comprehensive loss coverage. Because the first district's decision in Martin v. Ritcheson, 306 So.2d 582 (Fla. 1st DCA 1975) is factually distinguishable, petitioner's reliance thereon is misplaced. That case applied the then-effective version of section 627.728 to a policy providing automobile liability insurance, which coverage was expressly included in that statute's definition of "policy." We note that the statute has since been amended and that the 1983 version now includes collision and comprehensive loss policies, as well as liability policies, within its scope.
Moreover, it is doubtful that petitioner would prevail even under the amended version, since section 627.728(3)(c), Florida Statutes (1983), provides that the requirement of notice by the insurer to the insured does not apply in cases where the premium has been financed and the premium finance company has complied with the notice provisions of section 627.848. In turn, section 627.848 requires the finance company to mail the insured a ten-day notice of its intent to cancel upon default, and also to mail the insured a copy of the request for cancellation when it sends the request to the insurer. The burden is thereby placed on the finance company to notify the insured of any cancellation, rather than on the insurer.
As noted by the court in Prudential Property & Casualty Insurance Co. v. Safeguard Mutual Insurance Co., 528 F. Supp. 709 (E.D.Pa. 1981), a decision heavily relied upon by respondent and by the circuit court, placing the burden on the finance company to notify the insured is both logical and fair. Where the finance company is named as attorney-in-fact for the insured, a cancellation by the finance company is equivalent to a cancellation by the insured himself, at least from the insurer's perspective. The onus is thus properly placed on the finance company to notify the insured that it has cancelled the policy on his behalf. See also J. Appleman, Insurance Law and Practice § 5012 n. 1, at 407 (1981) (criticizing contrary result in Martin as unjustified in light of specific Florida statutes).
The circuit court indicated in its opinion that Capitol's actions "might have been improper; however, since Capitol was not made a party before this Court, this Court *1207 will not review the lower Court's judgment in favor of Capitol."
The writ is therefore denied.