538 So.2d 61 (1989)
BANKERS INSURANCE COMPANY, Appellant,
v.
Louis PANNUNZIO, Appellee.
Nos. 87-0404 and 87-1506.
District Court of Appeal of Florida, Fourth District.
January 25, 1989.
Rehearing Denied March 8, 1989.
Richard M. Gale, Frederick A. Harrison, Jr., Miami, for appellant.
Peter E. Abraham and G. William Bissett of Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson, Miami, for appellee.
HERSEY, Chief Judge.
Bankers Insurance Company appeals three judgments which basically hold that appellee, Pannunzio, was entitled to coverage for an accident occurring subsequent to Bankers' purported cancellation of his insurance policy, and assessing damages and attorney's fees and costs against Bankers.
*62 Before turning to the technical reasons upon which the trial court's judgment was based, it is helpful to capsulize the defenses and reasoning of the insured.
Pannunzio purchased P.I.P. coverage through his agent, Wikberg, and made application to New-Eas Premium Budget Company to finance the premium. He paid $53.00 as a down payment and, as shown on the Disclosure Statement signed by Pannunzio, was required to pay $49.68 per month for three months commencing March 30, 1983. Thus, the total amount would have been paid with the payment of May 30, 1983. Incredibly, upon being asked whether he made any of these payments, he stated that he had not because he never received a payment book so he did not know when to pay or how much to pay. He also stated that he never received notice that his coverage was to be cancelled or later that it had been cancelled, nor any other notice until well after his accident. Predictably, by the time of his accident on June 8, 1983, the policy had long since been cancelled by the finance company.
The trial court held that the cancellation of insurance coverage by Bankers was invalid for failure to strictly comply with section 627.848, Florida Statutes (1981), dealing with cancellation of an insurance policy by a finance company for failure of an insured to make financing payments.
There are three documents required by the statute with which appellee and subsequently, by its judgment, the trial court, took issue.
When a payment is missed, a premium finance company (having a power of attorney to cancel by virtue of the loan document) must give ten days' written notice to the insured of its intent to cancel the insurance policy unless payment is made within ten days. Prior to 1983 the statute required that this notice be "served"; it now provides for "mailing" of the notice. Deeming this change one of procedure only, we apply it retrospectively and hold that mailing was sufficient. We also hold that the official "United States Postal Service Certificate of Mailing" introduced by appellant showing that the Notice of Intent was mailed to the insured at the address given by him prevails, as a matter of law, over the insured's self-serving denial of receipt of this and other mailings.
Upon failure of the insured to make payment in compliance with the Notice of Intent, the statute provides for a Request for Cancellation to be mailed to the insurer by the premium finance company and further requires that the finance company "shall mail a copy thereof to the insured... ."
Appellee complains that the request was sent to an agent rather than to the insurer and that a copy was not received by him. The record establishes that the request was sent to a managing agent of the insurer. The agent had authority to receive requests and cancel policies; therefore, this argument avails appellee nothing even if he had standing to make it, which seems doubtful. As to appellee's failure to receive a copy of the request, we hold that despite use of the word "shall" this provision is directory only and not mandatory. Appellee neither acquires nor loses any rights by virtue of the request. After the passage of the time specified in the Notice of Intent, without action by the insured, the policy is subject to cancellation. The "request" is simply confirmation to the insurer from the finance company that the insured has not reinstated the loan by payment. Thus the policy is cancelled. So, too, a Notice of Cancellation was mailed to the insured by the finance company which would have apprised him of the status of his insurance (although he professes never to have received this Notice as well as those which preceded it). Furthermore, the finance company, not the insurer, bears the onus for failing to give the insured notice and the insured may not recover from the insurer for failure of the finance company to comply with the statute. See Tate v. Hamilton Insurance Company, 466 So.2d 1205 (Fla. 3d DCA 1985).
For the foregoing reasons we hold that the trial court was in error as to each of the three findings upon which the partial summary judgment was based. We reverse that judgment as well as the judgments for damages and for attorney's fees *63 and costs. This cause is remanded for further appropriate proceedings in accordance with this opinion.
REVERSED and REMANDED.
DELL and WALDEN, JJ., concur.