LEHAN, Judge,
concurring in part, dissenting in part.
I concur with the majority opinion except that I respectfully dissent from the reversal as to INA.
I would hold that the trial court did not err in its finding, as described by the majority opinion, “that INA could rely on the request for cancellation and properly cancel the policy regardless of whether INAC complied with the statute.” See Bankers Ins. Co. v. Pannunzio, 538 So.2d 61, 62 (Fla.4th DCA 1989) (“[T]he finance company, not the insurer, bears the onus for failing to give the insured notice and the insured may not recover from the insurer for failure of the finance company to comply with the statute.”); Tate v. Hamilton Ins. Co., 466 So.2d 1205, 1206 (Fla.3d DCA 1985) (“Where the finance company is named as attorney-in-fact for the insured, a cancellation by the finance company is equivalent to a cancellation by the insured himself, at least from the insurer’s perspective.”).
I respectfully do not agree with the majority opinion’s statement that under section 627.848 “When notice has properly been accomplished by the finance company, the insurance contract ‘shall be can-celled’ by the insurer, pursuant to subsection (4).” (emphasis added). Nor do I agree with the statement in that opinion that “Contrary to the plain meaning of the language in section 627.848, the fourth district, in Pannunzio, expressly relieves the insurer from any responsibility to ascertain compliance with section 627.848(1)” by the premium finance company concerning notice to the insured. In my view the Fourth District in Pannunzio properly followed the clearly manifested meaning of the legislative language in section 627.848 by not placing upon the insurer any such responsibility.
When, as in this case, the insurer receives a cancellation notice from the holder of a power of attorney from the insured, i.e., in effect from the insured, the insurer is required by section 627.848 to cancel the policy. Subsection (4) specifically provides:
Upon receipt of a copy of the cancellation notice by the insurer or insurers, the insurance contract shall be canceled with the same force and effect as if the notice of cancellation had been submitted by the insured himself, without requiring any further notice to the insured or the return of the insurance contract.
In fact, the statutory words, “without requiring any further notice to the insured,” in that subsection make doubly plain, in my view, the lack of responsibility of the insurer under these circumstances to ensure notice by the premium finance company to the insured. Nor, as indicated in the above quotation from Tate, does there appear any reason for such responsibility from the perspective of the insurer inasmuch as the cancellation notice under these circumstances legally came to the insurer from the insured.
The introductory provision of section 627.848 upon which the majority opinion relies states that
When a premium finance agreement contains a power of attorney or other authority enabling the premium finance company to cancel any insurance contract listed in the agreement, the insurance contract shall not be canceled unless cancellation is in accordance with the following provisions:
(1) Not less than 10 days’ written notice shall be mailed to each insured ... of the intent of the premium finance company to cancel his insurance contract unless the defaulted installment payment is received within 10 days.
(2) After expiration of such period, the premium finance company shall mail to the insurer a request for cancellation, specifying the effective date of cancellation. ...
Thus, there are two different provisions in section 627.848 dealing with two different concepts of cancellation by the two different parties to the insurance contract. The introductory provision concerns cancellation by the insured, albeit through the premium finance company pursuant to the power of attorney. Subsection (4) concerns cancellation by the insurer. In contrast to *526 the majority opinion’s interpretation of the introductory provision apparently reading into that provision a legislative intent to put upon the insurer a responsibility to see that the premium finance company gives notice to the insured, that provision requiring notice to the insured refers only to notice by the premium finance company and makes no reference in that regard to the insurer. The words “by the premium finance company” are plainly intended to follow implicitly after the words “shall not be canceled” in that provision inasmuch as earlier in the same sentence the provision refers to the ability of “the premium finance company to cancel....” Nor is the insurer required by the statute to have any relationship with the finance company from which could be inferred the supervisory responsibility of the insurer over the finance company concerning notice to the insured which in my view is in effect improperly added to the statute by the majority opinion.