JORGENSON, Judge.
Carlos Lidsky appeals from an order of final summary judgment declaring legal his insurer’s refusal to renew his automobile insurance policy. We affirm.
State Farm insured Lidsky’s automobiles between 1986 and 1988. During that time, Lidsky suffered five losses from thefts and accidents involving those vehicles and made claims with State Farm totalling over $96,-000. In 1988, when his policy came up for renewal, State Farm determined that Lid-sky's policy would not be renewed based upon his claim frequency. Pursuant to section 627.728, Florida Statutes (1987), State Farm notified Lidsky in a timely fashion that it would not renew his policy. Lidsky sued State Farm, alleging that the insurer had acted arbitrarily and capriciously by refusing to renew his policy based solely on his claim history. In an affidavit filed in opposition to Lidsky’s Renewed Motion for Final Summary Judgment, an actuary averred that policy holders who had made theft claims in the past can be expected to experience a theft rate in the future approximately two and one-half times greater than the theft claim rate for policy holders who had not made past theft claims. The trial court granted final summary judgment in favor of State Farm; Lidsky appeals.
State Farm’s failure to renew Lid-sky’s policy based upon the frequency of his claims was not arbitrary or capricious. Section 627.728(4)(c), Florida Statutes (1987), provides that:
No insurer shall fail to renew a policy for reasons based entirely on the sex, occupation, marital status, residence, military service, or age of the insured, or on the principal place of garaging the insured vehicle in this state, or based on any combination of such factors. No insurer shall fail to renew a policy for reasons based on the race, color, creed, or national origin of the insured or for any reason which is arbitrary or capricious. (Emphasis added.)
Furthermore, an insurance carrier cannot refuse to renew a policy solely because an insured was convicted of one or more traffic violations that did not involve an accident or cause revocation or suspension of driving privileges without some adequate proof of a direct or demonstrable objective relationship between the violation and the increased risk of highway accidents. § 626.9702(1), Fla.Stat. (1987). Finally, an insurance carrier cannot refuse to renew a policy solely because an insured was involved in an automobile accident unless the insurer has incurred a loss under its policy (other than with respect to uninsured mo *871 torist coverage) or unless the carrier’s file contains sufficient proof of fault for the accident. § 626.9541(l)(o )(3), Fla.Stat. (1987).
Lidsky relies upon Sentry Ins. v. Brown, 424 So.2d 780 (Fla. 1st DCA1982), rev. denied, 430 So.2d 452 (Fla.1983), in which the first district held that an insurance carrier had acted arbitrarily and capriciously in refusing to renew an automobile insurance policy for its 74-year-old insured based upon one traffic violation and one accident within two years. The insured had carried a policy with the carrier for 49 years and had an otherwise perfect driving record. In Sentry, the court held that the record did not contain sufficient proof of a relationship between the traffic violation and an increased risk of accident, or proof of fault regarding the traffic accident. Sentry’s decision not to renew thus violated sections 626.9541(l)(o )(3) and 626.9702(1).
Sentry is distinguishable. Unlike the insurer in Sentry, State Farm did not violate any statute when it refused to renew Lid-sky’s insurance policy; the non-renewal was amply documented and was not based upon any factors prohibited by sections 626.9541(l)(o )(3), 626.9702(1), or 627.-728(4)(c). Furthermore, the non-renewal was founded in an actuarial determination, not mere “whim or caprice,” as the court had found in Sentry.
Where the insurer does not violate any statute or act arbitrarily or capriciously in refusing to renew an automobile insurance policy, there is no general duty to issue a new policy at the end of the policy period. See Prescott v. Mutual Benefit Health & Accident Ass ’n, 133 Fla. 510, 183 So. 311 (1938); Coira v. Florida Medical Ass’n, Inc., 429 So.2d 23 (Fla. 3d DCA 1983). See generally J.C. Gautreau, Annotation, Insured’s Right of Action for Arbitrary Nonrenewal of Policy, 37 A.L.R.4th 856 (1985 & Supp.1991); Martin J. McMahon, Annotation, State Regulation of Insurer’s Nonacceptance, Cancellation, or Nonrenewal of, or Increase in Rate on, Automobile Insurance Policy, Based on Driving Record, 36 A.L.R.4th 1205 (1985 & Supp.1991).
Based upon the foregoing analysis, we affirm.