FARMER, Judge.
This lawsuit relates to a cancellation of motor vehicle property damages insurance little more than 2 weeks after the agent gave a binder. The application was made and the binder issued on July 26th. The insureds contend that they never received any notice of cancellation. After suffering an accident on October 27th, the insureds made a claim for coverage, which is the subject of this action. The trial court’s summary judgment in favor of the carrier was based on its proof of U.S. Postal receipt showing that a notice of cancellation was mailed on August 11th, to become effective August 16th.
The issues in this appeal turn on whether the insureds can contest the cancellation by showing that they never received the notice mailed by the carrier. We agree with the trial court that they cannot.
Section 627.728(5), Florida Statutes (1993), provides that: “United States postal proof of mailing * * * of reasons for cancellation * * * to the named insured at the address shown in the policy shall be sufficient proof of notice.” In Bankers Insurance Co. v. Pannunzio, 538 So.2d 61 (Fla. 4th DCA 1989), disapproved on other grounds, 624 So.2d 252 (Fla.1993), we construed the comparable but not identical provision in section 627.848(1) to allow the carrier to establish compliance by proving mailing even though the insured claims nonreceipt of the notice. We do not find any basis to distinguish Pannunzio in our construction of section 627.728(5).
We agree with the insureds that the binder in this case expressly covered a period of more than 60 days, and that the 45-day notice provision in section 627.728(3)(a) therefore applies. We do not agree, however, that the notice in this ease was defective merely because it stated a cancellation date only 5 days from the mailing. The accident in question occurred 77 days after the notice. Cf. First State Ins. Co. v. Fidelity and Deposit Co. of Maryland, 643 So.2d 6 (Fla. 4th DCA 1994) (actual oral notice of cancellation given 79 days before the fire occurred was effective to cancel policy notwithstanding the fact that the policy provided for 10 days written notice), review granted, 658 So.2d 990 (Fla.1995). The insureds would not have had coverage if the notice had actually given 45 days. Hence, the error is harmless.
AFFIRMED.
GLICKSTEIN, J., and HUBBART, PHILLIP A., Associate Judge, concur.