785 So.2d 656 (2001)
The ARIES INSURANCE COMPANY, Appellant,
v.
Jack CAYRE, Appellee.
No. 3D00-639.
District Court of Appeal of Florida, Third District.
May 9, 2001.
Rehearing Denied June 13, 2001.
*657 Kaye, Rose & Partners and Timothy W. Ross; Lauri Waldman Ross and Theresa L. Girten, for appellant.
Beckham & Beckham and Pamela Beckham, for appellee.
Before COPE, GODERICH and RAMIREZ, JJ.
COPE, J.
The Aries Insurance Company appeals a judgment in favor of its insured, Jack Cayre, in his lawsuit on an automobile insurance policy. The question presented is whether the insurer gave proper notice of cancellation of the insurance policy. We conclude that this is a jury issue, and remand for a new trial.

I.
The insurer issued an automobile insurance policy to cover the insured's truck. *658 The insurer requested photographs of the truck, but the insured failed to provide them.
On July 20, 1995, the insurer sent a notice of cancellation, to be effective September 10, 1995. The insured testified that he never received the notice of cancellation.
In October 1995, the insured was in an accident and submitted a claim to the insurer. The insurer denied coverage on the basis that the policy had been canceled the previous month.
The insured brought suit, contending that the policy had not been properly canceled and that it remained in force at the time of the accident. The insurer contended that it had properly obtained a United States postal proof of mailing pursuant to subsection 627.728(5), Florida Statutes (1995), and that under the case law interpreting the statute, this meant the cancellation notice was effective whether the insured received it or not.
Over objection, the insured introduced expert testimony from a postal representative that the document relied on by insurer did not constitute a proper United States postal proof of mailing. The trial court directed a verdict for the insured, ruling that the policy had not properly been canceled. The insurer has appealed.

II.
The insurer first argues that it fully complied with the notification provisions of subsection 627.728(5), Florida Statutes, and was entitled to a directed verdict holding that its notice of cancellation was effective. We disagree.
Section 627.728, Florida Statutes (1995), applies to motor vehicle insurance and provides, in part:
(3)(a) No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured and to the named insured's insurance agent at least 45 days prior to the effective date of cancellation, except that, when cancellation is for nonpayment of premium, at least 10 days' notice of cancellation accompanied by the reason therefor shall be given.
. . . .
(5) United States postal proof of mailing or certified or registered mailing of notice of cancellation, of intention not to renew, or of reasons for cancellation, or of the intention of the insurer to issue a policy by an insurer under the same ownership or management, to the named insured at the address shown in the policy shall be sufficient proof of notice.
Id. § 627.728(3)(a), (5) (emphasis added).
Under the case law, where an insurer establishes that a notice of policy cancellation was mailed in accordance with subsection 627.728(5), the insured's evidence of nonreceipt is irrelevant. Woodcock v. Motors Insurance Corp., 422 So.2d 959, 960 (Fla. 3d DCA 1982); see also Glenney v. Service Ins. Co., 660 So.2d 1132, 1133 (Fla. 4th DCA 1995); Boman v. State Farm Mut. Auto. Ins. Co., 505 So.2d 445, 450 (Fla. 1st DCA 1987).
The first question we must decide is what constitutes United States postal proof of mailing for purposes of subsection 627.728(5). We agree with the insured that this means a United States postal proof of mailing which conforms to the requirements of United States postal regulations.
In the present case the insurer prepared a computer printout listing the names and addresses of persons to whom it was sending mail on July 10, 1995. A postal employee *659 placed a postmark on the computer printout and charged postage for verifying twelve of the twenty-seven names that were on the list.
At trial, a United States postal representative was called as a witness by the insured. The postal representative testified that the post office has created its own form for use as postal proof of mailing. Alternatively, the postal regulations allow a post office customer to create its own form, so long as the form includes the same information as the postal form.
The postal representative testified that the insurer's computer printout for July 10, 1995, did not contain all of the information required by the postal regulations. We note also that the printout omits a signature blank for the postal employee, whereas the post office form requires a signature of a postal employee.
The insurer argues that in order to comply with subsection 627.728(5), the insurer is allowed to create any form that it wants to. The insurer contends that so long as a postal employee will place a postmark on the insurer's computer printout, this constitutes a United States postal proof of mailing. We reject that argument.
By its terms, subsection 627.728(5) allows the insurer to use certified mail, registered mail, or a United States postal proof of mailing. The obvious intent of the statute is that the insurer must comply with the postal regulations if the insurer wants the benefit of subsection 627.728(5).
We do, however, conclude this part of the discussion with a caveat. For present purposes we have assumed the correctness of the analysis of postal regulations which was given by the insured's postal witness. As discussed in the next section of this opinion, this was expert witness testimony about which the insurer had not been given proper advance notice. Thus, the insurer did not have a fair opportunity to present a countervailing analysis under the postal regulations. If on remand the insurer can demonstrate that its July 10, 1995 printout fully conformed with the postal regulations, then the insurer would be entitled to the benefit of subsection 627.728(5).

III.
In his pretrial catalog, the insured placed the name of his postal representative on the witness list as a lay witness. He was not identified as being a postal employee and he was not disclosed to the insurer as being an expert witness.
The postal representative had not personally handled the July 10, 1995, mailing and had no personal knowledge of it. Plainly the postal representative's testimony regarding the postal regulations was expert testimony, as was the postal representative's opinion that the July 10, 1995, printout did not comply with those regulations.
The insurer properly objected that there had been no expert witness disclosure. The objection was well taken. On retrial there must be proper expert witness disclosure. See Binger v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981); Florida Marine Enterprises v. Bailey, 632 So.2d 649, 652 (Fla. 4th DCA 1994); Grau v. Branham, 626 So.2d 1059 (Fla. 4th DCA 1993).

IV.
We next conclude that the trial court should not have directed a verdict in favor of the insured. There must be a new trial.
The trial court granted a directed verdict for the plaintiff, reasoning that if the proof of mailing was defective, and the insured denied receipt of the cancellation notice, it followed that there had been no *660 effective cancellation of the insurance policy. We disagree with that analysis.
Insofar as pertinent here, a cancellation notice is not effective "unless mailed or delivered by the insurer to the named insured and to the named insured's insurance agent at least 45 days prior to the effective date of cancellation ...." § 627.728(3)(a), Fla. Stat. (1995). As already explained, if the insurer mails the notice to the insured with a proper United States postal proof of mailing, then the notice is complete upon mailing and it is immaterial whether the insured failed to receive the notice. Woodcock v. Motors Ins. Co., 422 So.2d at 960.
If there is no proof of mailing which conforms to subsection 627.728(5), it does not follow that the insurer automatically loses the case. It simply means that the statute "has effectively left the risk of nondelivery with the insurer when notice is not mailed in conformity with the statute...." Boman v. State Farm Mutual Automobile Insurance Co., 505 So.2d at 450.
"[C]ustomary evidence of mailing ... is competent proof of that fact [that the cancellation notice was mailed], but may be rebutted by evidence to the contrary, including evidence of nonreceipt, and thereby create a question of fact for the jury." Id.
In this case the insurer relied on its July 10, 1995, computer printout as being evidence that it mailed the cancellation notice to the insured and the insured's insurance agent. There was also evidence that the insurance agent sent the cancellation notice to the insured.
Opposing this evidence was the testimony of the insured and his mother that they did not receive any cancellation notices. It was then a question for the jury to determine whether the insured received the cancellation notice or not. The question of notice should have gone to the jury and the trial court should not have directed a verdict for the insured.

V.
For the stated reasons, the judgment is reversed and the cause remanded for a new trial.