SCHWARTZ, Senior Judge.
Bank of America, the issuer of a credit card, appeals from the denial of its application for arbitration of a dispute with a cardholder. We affirm.
The basis of the trial court’s ruling on the issue was the determination that the cardholder, Ms. Evans, had never received the “Agreement” which purportedly contained the arbitration clause. Because Ms. Evans’ unequivocal denial of having received such a contract created an issue of fact on that question, notwithstanding the rebuttable presumption of receipt which arose from corporate testimony as to the issuer’s practice of including the “Agreement” whenever it sent the card itself to its customer, we cannot interfere with the trial judge’s resolution of the issue in favor of the appellee.[1] See Rich *999 ardson v. Chase Manhattan Bank, 941 So.2d 435, 437 (Fla. 3d DCA 2006); Aries Ins. Co. v. Cayre, 785 So.2d 656, 660 (Fla. 3d DCA 2001); Best Meridian Ins. Co. v. Tuaty, 752 So.2d 733, 737 (Fla. 3d DCA 2000); W.T. Holding, Inc. v. State Agency for Health Care Admin., 682 So.2d 1224, 1225 (Fla. 4th DCA 1996); Scutieri v. Miller, 584 So.2d 15, 16 (Fla. 3d DCA 1991).[2]
Bank of America’s fall-back position is that even if the agreement had not been received, Ms. Evans admitted use of the card obligated her to the arbitration clause anyway. It makes no sense, however, and there is no authority that one may be bound by an “agreement” of which she is unaware or becomes so by using the credit card when she has no notice or reason to know that it will have such an effect. See Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999); Gustavsson v. Washington Mut. Bank, 850 So.2d 570 (Fla. 4th DCA 2003); see also Barker v. Trans Union LLC, 2004 WL 783357 (N.D.Ill. Jan. 23, 2004)(noting that arbitration agreement would be unenforceable if purported cardholder never received amendment adding arbitration provision); cf., e.g., Battels v. Sears Nat’l Bank, 365 F.Supp.2d 1205, 1213-15 (M.D.Ala.2005) (holding that cardholder is bound by arbitration agreement upon factual determination that she received it and that subsequent use of card demonstrates assent). To determine otherwise would be bootstrapping in the extreme, because the only writing which provides that the use of the card commits the holder to its terms, in- *1000 eluding arbitration, is the unseen agreement itself.
Affirmed.

. At the hearing, the judge stated:
THE COURT: I think the crux is she's not disputing she didn’t receive the card. The crux is she didn’t receive the agreement, which if she didn’t receive the agreement — and mistakes are made, because *999 technology — human people run these — operate these machines — she didn't have the opportunity to review this agreement. I don't know, maybe she would have — I can’t second guess — maybe she would have still used the card anyway.
But I have — I have Miss Evans who is saying, through affidavit or through her own self statement, that she never received the agreement. I also have your representative here who is telling me that mistakes happen. She is agreeing that she got the card, obviously, but she said that she never received the agreement. And mistakes do happen, as far — and even you said that they’re not — there is not always watchdogs over people in sending out complete mailings.
So sometimes things are left out of the envelopes, right?
MS. MICHAUD [Bank of America corporate representative]: Well, we don’t have Bank of America people on site 24-7, obviously. That’s why we have the quality control procedures in place.
THE COURT: Right. Okay. So at this time I am going to deny the stay.

. In Scutieri, 584 So.2d at 16, this court stated:
Defendant correctly states that proof of mailing raises the presumption that the mail was received. Defendant then quotes that part of Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980), which states that "this presumption is not overcome by a denial, even though sworn, that the order was not received.” Id. at 69. Defendant interprets this language to mean that the certificate of service is conclusive and that the presumption of receipt is irrebuttable. That is not so.
This court has recently explained:
The certificate of service on the subject order was prima facie proof that the said order was mailed to plaintiff’s counsel, and proof of such mailing created a presumption (although not an irrebuttable one) that plaintiff’s counsel received the order in the mail; on the other hand, the plaintiff's affidavits filed below constituted some evidence that the subject order was not received in the mail by plaintiff's counsel. It therefore became a question of fact as to whether plaintiff's counsel had received the subject order in the mail....
World on Wheels of Miami, Inc. v. Int’l Auto Motors, Inc., 569 So.2d 836, 837 n. 1 (Fla. 3d DCA 1990). In other words, the denial of receipt does not automatically overcome the presumption but instead creates a question of fact which must be resolved by the trial court.