972 So.2d 981 (2007)
Amalia LARROQUE, Appellant,
v.
MERCURY INSURANCE COMPANY OF FLORIDA and Discount Insurance Center Two, Inc., Appellees.
No. 3D06-2298.
District Court of Appeal of Florida, Third District.
December 26, 2007.
*982 Stephens Lynn Klein La Cava Hoffman & Puya; Marlene S. Reiss, for appellant.
Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Warren B. Kwavniek, Fort Lauderdale, for appellees.
Before WELLS and LAGOA, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The plaintiff-insured claimed coverage for the theft of her automobile under a policy issued by Mercury Insurance Company. She appeals from a defense summary judgment entered on the ground that the policy was appropriately cancelled before the loss because of an alleged failure to remit the entire $719.33 installment of the premium payment, which the carrier alleged was required. We reverse because of the substantial existence of unresolved material factual issues, including (a) whether a notice of cancellation was properly mailed,[1] and (b) whether the $360.00 payment tendered by the plaintiff was insufficient, as the carrier contends, or whether the entire amount due was paid under the particular payment plan she selected.
Reversed and remanded.
NOTES
[1] To a significant extent, the defendant's supporting materials were improperly authenticated, see Fla. R. CIV. P. 1.510(e); First Union Nat'l Bank of Fla. v. Ruiz, 785 So.2d 589 (Fla. 5th DCA 2001); Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707 (Fla. 4th DCA 1997), and did not otherwise demonstrate that it had complied with section 627.728(5), Florida Statutes (2007) ("United States postal proof of mailing or certified or registered mailing of notice of cancellation, . . . or of reasons for cancellation, . . . to the named insured at the address shown in the policy shall be sufficient proof of notice."), which would have rendered nonreceipt of the notice irrelevant. See Aries Ins. Co. v. Cayre, 785 So.2d 656, 658 (Ma. 3d DCA 2001). For this reason, the insured's specific denial that she had received the cancellation notice created a triable issue as to whether mailing actually took place. See Bank of Am. N.A. v. Evans, 948 So.2d 998 (Fla. 3d DCA 2007); Aries Ins. Co., 785 So.2d at 659-60.