DAMOORGIAN, J.
Appellant, Jessica Tome (“Tome”), appeals the final summary judgment granted in favor of Appellee, State Farm Fire & Casualty Company (“State Farm”), arising *866 from State Farm’s denial of automobile insurance coverage on the basis that Tome’s policy had been non-renewed. On appeal, Tome makes three arguments for reversal, all of which are meritless. We affirm.
The following facts are not in dispute. Tome insured her Dodge Durango with State Farm in April 2007, on the same policy that insured her husband’s Toyota Corolla. In August 2007, State Farm discovered that Tome’s husband’s driver’s license had been suspended and that he had been convicted of driving on a suspended or revoked license. State Farm sent Tome a Driver Exclusion Agreement to exclude her husband and the Corolla from the policy. In September, Tome received notice that her husband and the Corolla were to be non-renewed. At the end of 2007, Tome received another Driver Exclusion Agreement for the Durango, which she returned with the understanding that the Exclusion only applied to her husband. At about the same time, State Farm issued an insurance identification card for the Durango indicating that the policy had the effective date of January 1, 2008. There was no reference to the policy’s expiration date on the identification card, but the card indicated that it was only valid for one year after issuance. Other policy documentation indicated that the policy was in effect for a six-month term, running from November 1, 2007, to May 1, 2008.
On March 4, 2008, State Farm sent Tome a letter indicating that it was non-renewing the Durango policy as of May 1, 2008. State Farm cited the driving record of Tome’s husband. State Farm obtained a “Certificate of Mailing” addressed to Tome from the United States Postal Service indicating that the March 4th letter had been delivered to the post office, postage pre-paid. However, Tome contended that she never received notice of non-renewal.
On May 28, 2008, Tome’s Durango was stolen. Tome timely reported the theft to State Farm. State Farm denied coverage on the grounds that her policy had been non-renewed based on her husband’s driving record. According to State Farm’s internal policies, State Farm cannot “do driver exclusions on a spouse,” which precluded Tome from keeping her policy.
Tome filed suit alleging common law breach of contract, statutory breach of contract pursuant to section 627.728(4)(c), Florida Statutes, (2008), and promissory estoppel. State Farm responded by filing a motion for summary judgment which the trial court granted. This appeal followed.
“Summary Judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Our review is de novo. Fla. Atl. Univ. Bd. of Trs. v. Lindsey, 50 So.3d 1205, 1206 (Fla. 4th DCA 2010).
Tome first argues that there are genuine issues of material fact as to whether State Farm provided proper notice that it had non-renewed her insurance policy. Section 627.728(5), Florida Statutes (2008), provides that “United States postal proof of mailing ... of notice of ... intention not to renew ... to the named insured at the address shown in the policy shall be sufficient proof of notice.” Once an insurer establishes that its notice of intention not to renew complied with subsection 627.728(5), “the insured’s evidence of nonreceipt is irrelevant.” Aries Ins. Co. v. Cayre, 785 So.2d 656, 658 (Fla. 3d DCA 2001). See Bankers Ins. Co. v. Pannunzio, 538 So.2d 61, 62 (Fla. 4th DCA 1989) (“[T]he official ‘United States Postal Service Certificate of Mailing’ introduced by *867 appellant showing that the Notice of Intent was mailed to the insured at the address given by him prevails, as a matter of law, over the insured’s self-serving denial of receipt of this and other mailings.”) disapproved on other grounds, 624 So.2d 252 (Fla.1993). State Farm’s Certificate of Mailing was sufficient proof of notice as a matter of law. Tome’s only response was to deny receipt of the Notice of Intent. Failing any countervailing evidence that the Certificate of Mailing was defective, we are compelled to reject this argument. Aries Ins. Co., 785 So.2d at 658.
Next, we turn to Tome’s argument that summary judgment was improper because there were genuine issues of material fact regarding whether State Farm’s denial of coverage was arbitrary or capricious, contrary to section 627.728(4)(c), Florida Statutes. State Farm non-renewed the policy for the legitimate reason that it discovered that Tome’s husband’s driver’s license was suspended. See Lidsky v. State Farm Fire & Cas. Co., 604 So.2d 869, 871 (Fla. 3d DCA 1992) (“Where the insurer does not violate any statute or act arbitrarily or capriciously in refusing to renew an automobile insurance policy, there is no general duty to issue a new policy at the end of the policy period.”). State Farm presented un-rebutted evidence that it acted pursuant to its internal policy prohibiting driver exclusions on a spouse of an insured. Moreover, State Farm believed that it was legally bound to adhere to its policy and had acted consistently by non-renewing the Corolla policy. Based upon the foregoing, we hold that the trial court correctly concluded that State Farm did not act arbitrarily or capriciously in refusing to renew Tome’s policy.
Finally, Tome argues that the trial court erred in granting final summary judgment on the promissory estoppel claim. “ ‘The essential elements of estop-pel are (1) a representation as to a material fact that is contrary to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon.’ ” Lloyds Underwriters at London v. Keystone Equip. Fin. Corp., 25 So.3d 89, 93 (Fla. 4th DCA 2009) (quoting Curci Village Condo. Ass’n v. Maria, 14 So.3d 1175, 1177 (Fla. 4th DCA 2009)). “[F]or the trial court to properly grant summary judgment on promissory estoppel, there must be an absence of disputed fact as to all three elements cited above.” FCCI Ins. Co. v. Cayce’s Excavation, Inc., 901 So.2d 248, 251 (Fla. 2d DCA 2005). In insurance law, this represents a “very narrow exception,” AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998, 1000 n. 1 (Fla.1989), to the general rule that “equitable estoppel may be used to prevent a forfeiture of insurance coverage but not to create coverage where none exists.” Cummins v. Allstate Indem. Co., 732 So.2d 380, 382 (Fla. 4th DCA 1999).
Regarding the representation element, courts have required that the promise be definite, and when the promise is “ ‘entirely indefinite as to terms and time,”’ this is insufficient to support an estoppel claim. W.R. Grace & Co. v. Geodata Servs., Inc., 547 So.2d 919, 924 (Fla.1989) (quoting Hygema v. Markley, 137 Fla. 1, 187 So. 373, 380 (1939)). See also Prof'l Underwriters Ins. Co. v. Freytes & Sons Corp., 565 So.2d 900, 903 (Fla. 5th DCA 1990) (holding that when a representation was “that the insured had “what [coverage] it needed’ ... such a statement does not rise to the level of specificity required to be a ‘representation’ of liquor liability coverage”). Here, Tome’s only basis for the assertion that State Farm “represented” coverage was the Driver Exclusion Agreement. However, the *868 Driver Exclusion Agreement, in and of itself, does not constitute a definite promise “as to terms and time” — the exclusion of certain coverages while the husband operated a vehicle was in no sense a promise that the policy would provide coverage that would extend beyond its expiration term. Therefore, Tome failed to present a genuine issue of material fact as to this element.
Tome also fails to raise a genuine issue of material fact regarding the reasonableness of her reliance on the Driver Exclusion Agreement. Tome could not have reasonably relied on the exclusion as a promise that the policy would extend beyond the policy’s stated expiration date, especially after State Farm sent non-renewal notices for the two policies. This is further supported by the preceding non-renewal of the Corolla policy. Thus, having failed to raise an issue of fact as to these elements, and without raising argument as to the third element — a detrimental change in position caused by representation and reliance thereon — Tome’s arguments for reversal fail. Accordingly, we affirm.

Affimed.

GROSS, J., and HANZMAN, MICHAEL, Associate Judge, concur.