IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0278

WILLIAM A. BISHOP,
INDIVIDUALLY AND AS
PERSONAL
REPRESENTATIVE OF THE
ESTATE OF DONNA L.
BISHOP, HIS DECEASED WIFE
("BISHOP"), ANZUALDA
BROTHERS, INC., AND JESUS
E. MARINO CASTILLO,
INDIVIDUALLY AND AS AN
EMPLOYEE OF ANZUALDA
BROTHERS, INC.,
(COLLECTIVELY,
"ANZUALDA BROTHERS"),

      Appellant,

v.

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

      Appellee.

_____/

Opinion filed January 6, 2015.

An appeal from the Circuit Court for Levy County.
William E. Davis & Robert E. Roundtree, Jr., Judges.

Stephen A. Marino, Jr. and Rochelle N. Wimbush of Ver Ploeg & Lumpkin, Miami; James W. Gustafson, Jr. of Searcy, Denney, Scarola, Tallahassee; and Cameron M. Kennedy of Corry & Kennedy, Tallahassee, for Appellants.

Scott A. Cole of Cole, Scott & Kissane, P.A., Miami, for Appellee.

PER CURIAM.

Undertaking communication, conduct, and steps in defense of an underlying action, heavily dependent upon the circumstances, may rise to a coverage by estoppel claim. This appeal involves an allegation an insurer made statements and undertook actions which led a business owner to believe she had insurance coverage for the underlying action; all this despite the insurer's knowledge of facts which would have permitted it to deny coverage.

"When an insurance company assumes the defense of an action, with knowledge, actual or presumed, of facts which would have permitted it to deny coverage, it may be estopped from subsequently raising the defense of non-coverage." Doe ex rel. Doe v. Allstate Ins. Co., 653 So. 2d 371, 373 (Fla. 1995) (quoting Cigarette Racing Team, Inc. v. Parliament Ins. Co., 395 So. 2d 1238, 1239-40 (Fla. 4th DCA 1981)) (internal quotation marks omitted). This "coverage by estoppel" claim requires a representation of material fact, reasonable reliance, and a detrimental change in position (i.e., prejudice) as a result of the reliance. See Tome v. State Farm Fire & Cas. Co., 125 So. 3d 864, 867 (Fla. 4th DCA 2013); Phoenix Ins. Co. v. McQueen, 286 So. 2d 570, 572 (Fla. 1st DCA 1973). Prejudice and whether the promisee's reliance was reasonable are generally questions for the trier of fact. Cigarette Racing Team, Inc., 395 So. 2d at 1239-40; see also Romo v.

2

Amedex Ins. Co., 930 So. 2d 643, 652-53 (Fla. 3d DCA 2006) (citing Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So. 2d 168 (Fla. 4th DCA 1994)); FCCI Ins. Co. v. Cayce's Excavation, Inc., 901 So. 2d 248, 251 (Fla. 2d DCA 2005).

Here, we do not pass on the strength of the business owner's claims regarding the insurer's conduct and actions or what the business owner believed afterwards. That is for the trier of fact to determine. We write only to confirm the cause of action exists, such a claim does not sound in bad faith, and here it was for the trier of fact to determine the ultimate weight to give the insurer's conduct versus the reasonableness of the business owner's reliance.[1] We REVERSE the court's grant of summary judgment in favor of the insurer as to this count[2] and REMAND for further proceedings.

LEWIS, C.J., CLARK, and MARSTILLER, JJ., CONCUR.

---

[1] We note that in the initial and reply briefs counsel for the appellants signed a "certificate of compliance" affirming he "hereby certifies that this Brief is in the Times New Roman 14-point font and is therefore in compliance with Florida Rules of Appellate Procedure 9.210(2)." The brief is unquestionably neither in Times New Roman 14-point font nor Courier New 12-point font, and therefore not in compliance with Rule 9.210(2). Rules of procedure are applicable to everyone. The rule gave counsel two options—he selected neither.

[2] As to all the other counts, we affirm the court's determinations without comment.