IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant/Cross-Appellee,

v.

CASE NO. 1D15-4700

ANZUALDA BROTHERS, INC.,
a Florida Corporation, JESUS E.
MARINO CASTILLO,
individually and as an employee
of Anzualda Brothers,

      Appellees/Cross-Appellees.

_____/

Opinion filed February 10, 2017.

An appeal from the Circuit Court for Levy County.
Stanley H. Griffis, III, Judge.

Scott A. Cole, Cole Scott & Kissane, P.A., Miami; Joseph T. Kissane, Steven L. Worley, Cole, Scott & Kissane, P.A., Jacksonville, for Appellant/Cross-Appellee.

Lincoln J. Connolly, Trials & Appeals, P.A., Miami, for Appellee/Cross-Appellant, Anzualda Brothers, Inc.

WOLF, J.

      Appellant, Progressive Express Insurance Company, challenges the trial

court's entry of a declaratory judgment determining that there was insurance

coverage in favor of appellee Anzualda Brothers, Inc. by operation of estoppel. Appellant argues it should not have to provide coverage for appellee's accident, which resulted in the fatality of one victim and the injury of another victim, because the vehicle appellee had been driving was not a listed vehicle on the insurance policy, and because appellee failed to prove all three elements of its coverage by estoppel claim.

Appellee cross-appeals, alleging the trial court erred in its refusal to enforce a settlement agreement and consent judgment that were agreed to by appellant and entered in the separate, underlying tort case between appellee and the victims.

We agree with appellant that appellee failed to prove all three elements of its coverage by estoppel claim. In an insurance coverage by estoppel claim, the plaintiff must prove (1) the defendant company made a representation of material fact; (2) the plaintiff reasonably relied on that representation of material fact; and (3) the plaintiff was prejudiced by its reliance. Bishop v. Progressive Express Ins. Co., 154 So. 3d 467, 468 (Fla. 1st DCA 2015). Because appellee failed to sufficiently prove prejudice, we reverse, vacate the trial court's final judgment in favor of appellee, and remand for the trial court to enter final judgment in favor of appellant.

Because we remand for the trial court to enter final judgment in favor of appellant, appellee's cross-appeal requesting damages from appellant in the amount outlined in the settlement agreement is moot.

MAKAR and WINSOR, JJ., CONCUR.